UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,

      Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

      Defendants.
_____/

**DEFENDANT CLOVER HOLDINGS LIMITED PARTNERSHIP'S MOTION
FOR EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT**

    Pursuant to Rule 6(b), Fed. R. Civ. P., and Local Rule 7.1, L.R. S.D. Fla., Defendant Clover Holdings Limited Partnership ("Clover") moves for a 45-day extension of time within which to respond to the Amended Complaint filed by Plaintiff Hydentra HLP Int. Limited ("Plaintiff").[1]  Because good cause exists for the requested extension of time, the Court should grant this Motion.

    1.    In its "Affidavit of Service," Plaintiff claims that on August 6, 2015, Clover's purported registered agent was hand-served with process in Saint Vincent, of the island nation of

---

[1] Clover, and undersigned counsel acting on its behalf, specially appear for the limited purpose of filing this Motion and expressly reserve, and do not waive, any and all defenses to the Amended Complaint, including, without limitation, the defenses of lack of personal jurisdiction and insufficient service of process and all other defenses otherwise available under the Federal Rules of Civil Procedure.

Saint Vincent and the Grenadines. *See* Aff. of Service, ECF No. 16. Clover does not agree that such purported service is valid. If it were, however, Clover's response to the Amended Complaint would be due August 27, 2015.[2]

2.  By this Motion, Clover seeks a 45-day extension of time to respond to the Amended Complaint.

3.  Good cause exists for the requested extension. Based on Plaintiff's allegations, this appears to be a complex intellectual property dispute alleging eight causes of action against three named Defendants all residing in foreign countries (in addition to unnamed "John Doe" defendants) and seeking a variety of damages including forfeiture of an internet domain worth many millions of dollars. There are also various significant threshold questions as to service, jurisdiction, and venue. Given these circumstances, a 45-day extension is necessary to prepare an appropriate response to the Amended Complaint.

4.  The requested enlargement of time is made in good faith, not for purposes of delay, and will not prejudice any party or the Court. Plaintiff has not yet served the other Defendants, who are also foreign parties and may have to be served under the Hague Convention (a process that could take several months to complete, if at all). Granting the extension would also help ensure compliance with the Court's directive that Defendants "file joint dispositive motions with co-parties," because without the extension, Clover would be forced to respond to the Amended Complaint before the other Defendants are even served with

---

[2] Although the Court docket states that Clover's response is due on August 20, 2015, that date appears to have been calculated based on the 14-day response period that applies to amended pleadings served under Rule 15. But because Clover was never served with the original Complaint in this case, the 21-day response period under Rule 12 applies, meaning that Clover's response could be due on August 27, 2015, at the earliest. *See, e.g., Rasooly v. California Eyeglasses*, 2015 WL 1222167 (N.D. Cal. Mar. 17, 2015) (holding that because defendant was "never properly served the original complaint," defendant "was entitled to the full 21 days to respond to the amended complaint").

process.  Notice of Joint Motions, ECF No. 9.

5. In accordance with Local Rule 7.1(a)(3)(A), Clover conferred about this extension with counsel for Plaintiff, who stated that his client opposes this request.

For all of the foregoing reasons, Clover respectfully requests that the Court enter an Order granting this Motion and extending the time period for Clover's response to the Amended Complaint to and including October 11, 2015.  Pursuant to Local Rule 7.1(a)(3), a proposed order granting Clover's Motion is attached as Exhibit A.

    Respectfully submitted,

    By: */s/ John F. O'Sullivan*_____
    John F. O'Sullivan
    Fla. Bar No. 143154
    Allen P. Pegg
    Fla. Bar No. 597821
    Jason D. Sternberg
    Fla. Bar No. 72887
    HOGAN LOVELLS US LLP
    600 Brickell Ave., Suite 2700
    Miami, FL 33131
    Telephone:  (305) 459-6500
    Facsimile:  (305) 459-6550
    john.osullivan@hoganlovells.com
    allen.pegg@hoganlovells.com
    jason.sternerg@hoganlovells.com

    *Attorneys for Defendant Clover Holdings Limited Partnership*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 20, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel and that a true and correct copy was served via electronic mail on all counsel of parties of record:

Aaron Behar
Fla. Bar No. 166286
Jaclyn Behar
Fla. Bar NO. 63833
BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida  33326
Telephone:  (954) 688-7642
Facsimile:  (954) 332-9260
AB@BeharBehar.com

And

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:   (253) 383-4501
sfreeman@freemanlawfirm.org

*Counsel for Plaintiff*

                                                By:  */s/ Allen P. Pegg*
                                                     Allen P. Pegg
                                                     Fla. Bar No. 597821
                                                     allen.pegg@hoganlovells.com