UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:  1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,

    Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

    Defendants.
_____/

**PLAINTIFF'S OPPOSITION TO, DEFENDANT'S, CLOVER HOLDINGS LIMITED PARTNERSHIP, MOTION FOR EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT**

COMES NOW, Plaintiff, HYDENTRA HLP INT. LIMITED d/b/a METART, by and through the undersigned counsel, and hereby files its Opposition to Defendant's, CLOVER HOLDINGS LIMITED PARTNERSHIP ("Clover Holdings" or "Defendant"), Motion for Extension of Time to Respond to the Amended Complaint, and as grounds therefore states as follows.

At the outset, Plaintiff states that to the extent the Court is inclined to grant Clover Holdings *some* relief, Plaintiff suggests a more reasonable timeframe for the requested extension would be 20 days instead of 45 days.

BeharBehar ⬥ 1840 North Commerce Parkway ⬥ Suite One ⬥ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

1 of 5

Notwithstanding, Plaintiff takes issue with Defendant's basis to support its requested extension of time. In its simplest form, Defendant alleges the following in support of its Motion: (i) the claim involves a complex intellectual property dispute; (ii) Defendant questions service, jurisdiction and venue; (iii) Plaintiff will not be prejudiced because it has not yet served other Defendants, which Defendant suggests may take "several months"; and (iv) the extension would ensure compliance with this Court's directive that all Defendants file joint dispositive motions.

### 45 Days is Excessive as Damages are Ongoing

Defendant underestimates the prejudice that Plaintiff is suffering and continues to suffer. As set forth in the Amended Complaint, Defendants are currently displaying 39 of Plaintiff's copyright registered works, in violation of DMCA take down notices. (See D.E. #5, Paragraph 66). Clover Holding's conduct represents willful and knowing infringement. (See D.E. #5, Paragraph 69). Despite noticing Defendants of infringements of sex.com, Defendants continue to permit repeat infringers to post Plaintiff's works. (See D.E. #5, Paragraph 77). The damages Plaintiff incurs are substantial and reach into the millions of dollars. Tying Plaintiff's hands in proceeding with the prosecution of these violations for even a single day, much less 45 days, cripples Plaintiff's business operations and serves only to permit Clover Holdings to profit from its illegal conduct.

### Service Was Proper

Clover Holdings seems to challenge Plaintiff's service of process, but fails to offer this Court any substantive basis for its position, either in law or fact, thus precluding consideration of this point. In actuality, the opposite is true. Regardless of whether St. Vincent and the Grenadines is a signatory to The Hague Convention, service may be effectuated on the islands in

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

2 of 5

a manner similar to methods in the United States. Here, service was effectuated on Clover Holdings by serving its registered agent.

Regardless, the issue of service is irrelevant to this Court's determination of whether and to what extent an extension should be granted for Defendant to respond to the Amended Complaint. Again, given the level of prejudice to Plaintiff, any extension granted should be limited to no more than 20 days.

### Service on Other Defendants Is Irrelevant

Clover Holdings alleges that, in its opinion, service of process on the remaining Defendants could take "several months to complete, if at all." This position is not only irrelevant to the Court's determination of any extension as to a Defendant who was served and whose attorney appeared in these proceedings, but it is designed for Clover Holdings to attempt to escape liability simply because it feels other Defendants may be difficult to serve. This position makes little sense. Whether service is effectuated on *other parties* does not relieve Clover Holdings of its obligations to Plaintiff and this Court to defend the action and actively participate in the proceedings in a timely fashion.

### The Court's Directive to File Joint Dispositive Motions is Inapplicable

Clover Holdings next alleges that its delayed extension would ensure compliance with this Court's directive that defendants file "joint dispositive motions with co-parties." The undersigned supposes that this Court only intended to further the notion of judicial economy in making such requirement and did not intend to provide a mechanism for parties to unnecessarily delay the proceedings.

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

3 of 5

Instead, the undersigned anticipates that the requirement addresses situations where a single attorney represents multiple Defendants, or where multiple Defendants have already appeared and their interests are aligned. At this time, Clover Holding's counsel has made no indication it represents any other Defendant. Likewise, Clover Holdings should not be permitted to hold these proceedings hostage until such time that every named Defendant secures counsel, such counsel have an opportunity to appear, and determine their alignment with one another before Clover Holdings is obligated to defend the claims raised.

To extend the application of the Court's directive to the present situation would lead to an absurd result in that Plaintiff will be precluded from prosecuting its claims for damages that are compounding on a daily basis, and Clover Holdings would benefit from the remaining Defendants' evasion of service of process.

## Conclusion

Based on the arguments raised, Plaintiff respectfully requests that this Court deny, in part, Clover Holding's Motion, and instead require Defendant to file its Response to the Amended Complaint no later than 20 days from the date of the Court's Order.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of August, 2015 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  John F. O'Sullivan, Esq., Allen P. Pegg, Esq. and Jason D. Sternberg, Esq.

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

4 of 5

Respectfully submitted,

*/s/Aaron Behar, Esq.*
Aaron Behar, Esq.
Florida Bar No.: 166286
*/s/Jaclyn Behar, Esq.*
Jaclyn Behar, Esq.
Florida Bar No.: 063833
BeharBehar
1840 North Commerce Parkway
Suite 1
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: ab@beharbehar.com
jb@beharbehar.com
**Counsel for Plaintiff**

And:   Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile: (253) 383-4501
E-mail:   sfreeman@freemanlawfirm.org
**Counsel for Plaintiff**
(Moving for Admission pro hac vice)

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

5 of 5