UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,

       Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

       Defendants.
_____/

**DEFENDANT CLOVER HOLDINGS LIMITED
PARTNERSHIP'S REPLY IN SUPPORT OF ITS MOTION FOR
EXTENSION OF TIME TO RESPOND TO THE AMENDED COMPLAINT**

Defendant Clover Holdings Limited Partnership ("Clover") hereby submits this Reply in support of its Motion for Extension of Time to Respond to the Amended Complaint (the "Motion," ECF No. 18), and states:[1]

1.    As explained in the Motion, Clover seeks a reasonable extension of time to respond to the Amended Complaint in this complex intellectual property dispute. The Complaint contains 153 numbered paragraphs and eight causes of action, and seeks at least ten

---

[1] Clover (and undersigned counsel acting on its behalf) notes, as it did in the Motion, that it is appearing specially for the limited purpose of filing this Motion and expressly reserves, and does not waive, any and all defenses to the Amended Complaint, including, without limitation, the defenses of lack of personal jurisdiction and insufficient service of process and all other defenses otherwise available under the Federal Rules of Civil Procedure.

different forms of relief.  Clover submits that a 45-day extension is appropriate to allow it to sufficiently investigate the Amended Complaint's allegations and prepare a proper response.

2. Plaintiff does not appear to contest that Clover is entitled to an extension, but instead "suggests a more reasonable timeframe for the requested extension would be 20 days instead of 45 days." *See* Opposition, ECF No. 18, at 1.

3. Plaintiff argues that granting Clover the amount of additional time it seeks would prejudice Plaintiff because damages are accruing.  This argument is unconvincing.  Even if there were an evidentiary basis for believing that damages are accruing (there is not) or that such purported damages could not be redressed in any future damages award (they could), there is no reason to believe that an additional 25 days would delay the resolution of this matter (notably, Plaintiff filed this action on June 30, 2015, and did not purportedly serve *any* of the Defendants until more than a month later, on August 6, 2015).[2]  There is, in fact, no trial date or pre-trial schedule yet, and no discovery has been initiated.  Nor have the other Defendants been served, in part due to Plaintiff's own failure to, *inter alia*, provide the Clerk with certified translations of the summonses Plaintiff seeks to serve in Canada.  *See* ECF No. 17 (denying Request for Clerk to Issue Summonses in French).

4. Plaintiff further argues that it is "irrelevant" whether the other Defendants have been served and whether Clover can comply with the Court's directive that Defendants file joint dispositive motions (ECF No 9).  Plaintiff is wrong.  Judicial economy would be advanced by allowing the Court to consider Defendants' inevitable dismissal motions in a single submission or separate submissions around the same time.  Requiring this case to proceed on different tracks

---

[2] Nor has Plaintiff properly served Clover.  Plaintiff argues in its Opposition that it properly served Clover through its registered agent in Saint Vincent.  Notably absent from Plaintiff's argument, however, is any citation to any legal authority.  *See* Opposition at 2-3.

just because Plaintiff has been unable to effect proper service is unwarranted.

## **CONCLUSION**

For the foregoing reasons, Clover respectfully requests that the Court grant the Motion and extend the time period for its response to the Amended Complaint to and including October 11, 2015.

Respectfully submitted,

By: */s/ John F. O'Sullivan*
John F. O'Sullivan
Fla. Bar No. 143154
Allen P. Pegg
Fla. Bar No. 597821
Jason D. Sternberg
Fla. Bar No. 72887
HOGAN LOVELLS US LLP
600 Brickell Ave., Suite 2700
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
john.osullivan@hoganlovells.com
allen.pegg@hoganlovells.com
jason.sternerg@hoganlovells.com

*Attorneys for Defendant Clover Holdings Limited Partnership*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 24, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record:

Aaron Behar
Fla. Bar No. 166286
Jaclyn Behar
Fla. Bar NO. 63833
BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida  33326
Telephone:  (954) 688-7642
Facsimile:   (954) 332-9260
AB@BeharBehar.com

And

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:   (253) 383-4501
sfreeman@freemanlawfirm.org

*Counsel for Plaintiff*

By:  */s/ Allen P. Pegg*
     Allen P. Pegg
     Fla. Bar No. 597821
     allen.pegg@hoganlovells.com