# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,

       Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

       Defendants.
_____/

## DECLARATION OF ZHINGA HORNE EDWARDS, ESQ.

I, Zhinga Horne Edwards, Esq., declare as follows:

1. My name is Zhinga Horne Edwards. I am over the age of 18 years and live and work in Kingstown, Saint Vincent and the Grenadines. I make this Declaration based on personal knowledge derived from, among other things, my first-hand knowledge of the law of Saint Vincent and the Grenadines, my education, and my practical experience and review of pertinent legal authority.

2. I practice law in Saint Vincent and the Grenadines and am the principal of the law firm Zhinga Horne Edwards Chambers. I received a law degree from the University of Warwick in England in 1994 and became a member of the Bar of Saint Vincent and the Grenadines in 1996. I have been practicing law in Saint Vincent and the Grenadines since 1997.

3. Service of a *foreign* lawsuit (being one originating outside of the Eastern Caribbean) by hand on a registered agent in Saint Vincent and the Grenadines is *not* permitted under governing local law. Saint Vincent and the Grenadines (a signatory to the Hague Convention) expressly declared that it is "opposed" to hand service of a foreign lawsuit under Articles 10*(b)* and 10*(c)* of the Hague Convention. *See* Undated Declaration of Saint Vincent and the Grenadines on the Hague Convention ("The Government of Saint Vincent and the

Grenadines declares that it is opposed to the channels of transmission provided for in Article 10*(b)* and *(c)* of the Convention.").

4. The Eastern Caribbean Supreme Court Civil Procedure Rules govern civil lawsuits in the six independent member states and the three overseas territories of the Eastern Caribbean. Those Rules provide that service of process relating to a domestic legal proceeding may be effected on a limited company "by leaving the claim form at the registered office of the company" or by personally serving one of a number of enumerated representatives of the limited company: Eastern Caribbean Supreme Court Civil Procedure Rule 5.7. I know of *no* rule of procedure or other authority, however, expressly permitting that method of service of process for a *foreign* legal proceeding, such as one commenced in the United States of America. Any such rule or authority would be inconsistent with Saint Vincent and the Grenadines' above-mentioned declaration of opposition to that method of service under the Hague Convention.

I hereby declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 31st day of August, 2015.

_____
[NAME]

Zhinga Horne Edwards
Barrister-At-Law, Solicitor & Notary Public

2