UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,

        Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

        Defendants.

_____/

**DEFENDANT CLOVER HOLDINGS LIMITED'S REPLY IN
SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT FOR
INSUFFICIENT SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION**

        Defendant Clover Holdings Limited ("Clover") submits the following reply in further support of its Motion to Dismiss the Amended Complaint filed by Plaintiff Hydentra HLP Int. Limited ("Plaintiff").

        In its Opposition to the Motion to Dismiss (the "Opposition"), Plaintiff does not argue that it complied with the requirements of the Hague Service Convention (the "Hague" or "Convention") in attempting to serve Clover in St. Vincent and the Grenadines ("St. Vincent"). Instead, Plaintiff contends that it was not required to do so because St. Vincent (which acceded to the Convention by express proclamation) is not a member of the Hague Conference on Private International Law ("HCPIL"). This argument is baseless. The HCPIL makes clear that the Convention applies equally to members and non-members of the HCPIL, and courts in this

country have uniformly applied the Convention in non-member states like St. Vincent.

In its Opposition, Plaintiff also fails to controvert, or even address, Clover's arguments that this Court lacks personal jurisdiction over it.  Instead, Plaintiff raises new purported grounds for jurisdiction that were not pled and are not supported by law or competent evidence.

## ARGUMENT

## I.   PLAINTIFF WAS REQUIRED (AND FAILED) TO SERVE CLOVER PURSUANT TO THE CONVENTION

There is no dispute that "[c]ompliance with the Convention is *mandatory* in all cases to which it applies."  *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 705 (1988) (emphasis added); *see also* Fed. R. Civ. P. 4 adv. comm. notes (1993) ("Use of the Convention procedures, when available, is mandatory if documents must be transmitted abroad to effect service.").  Nor is there any dispute that Plaintiff failed to comply with the Convention by purporting to serve Clover in a manner to which St. Vincent has *specifically* objected.  *See* Mot. to Dismiss, pp. 6-7.  Plaintiff instead contends that it did not have to comply with the Convention because St. Vincent is not a member of the HCPIL but rather a "Non-Member Contracting State" to the Convention.  Opposition, pp. 2-3.  Plaintiff is wrong.

The HCPIL is a "global inter-governmental organization" that "develops and services multilateral legal instruments," including the Convention.  HCPIL Official Website: Overview, http://www.hcch.net/index_en.php?act=text.display&tid=26 (last visited Sept. 25, 2015).   In addition to 80 "members" of the HCPIL, there are 67 contracting states that "are not Members of the Hague Conference on Private International Law, but have signed, ratified or acceded to one or more Hague Conventions."   HCPIL Official Website: Non-Member Contracting States, http://www.hcch.net/index_en.php?act=states.nonmember (last visited Sept. 25, 2015).   Such

2

countries are known as "Non-Member Contracting States," of which St. Vincent is one. *Id.*

"[A] country does not need to be a Member of the [HCPIL] to be Party to the Service Convention." HCPIL Official Website: How to Read the Status Table of the Service Convention?, http://www.hcch.net/index_en.php?act=text.display&tid=148 (last visited Sept. 25, 2015).[1] Rather, the HCPIL has made clear that the "***Convention applies equally to Members and non-Members of the Organisation***." *Id.* (emphasis added). For this reason, courts around this country have found service insufficient when a plaintiff has failed to serve process in Non-Member Contracting States according to the requirements of the Hague. *See*, *e.g.*, *Tracfone Wireless, Inc. v. Hernandez*, No. 15-cv-23032, 2015 WL 5165718, at *1 (S.D. Fla. Sept. 2, 2015) (finding attempted service in Belize, a Non-Member Contracting State, insufficient where it did not comply with the Convention); *Mones v. Commercial Bank of Kuwait, S.A.K.*, 502 F. Supp. 2d 363, 372 (S.D.N.Y. 2007) (same regarding Kuwait, a Non-Member Contracting State); *Universal Trading & Inv. Co. v. Kiritchenko*, No. 99-cv-3073, 2007 WL 660083, at *4 (N.D. Cal. Feb. 28, 2007) (same regarding Antigua, a Non-Member Contracting State); *Gateway Overseas, Inc. v. Nishat (Chunian) Ltd.*, No. 05-cv-4260, 2006 WL 2015188, at *3 (S.D.N.Y. July 13, 2006) (same regarding Pakistan, a Non-Member Contracting State).

St. Vincent is a party to the Convention. *See* HCPIL Official Website: Saint Vincent and the Grenadines, Explanation of Saint Vincent's Entry into the Hague Service Convention,

---

[1]     Nor does a country have to be a signatory to the Convention to be a "party" thereto, as Plaintiff erroneously contends. *See* Opposition, pp. 2-3. Rather, there "are different ways for a country to become a Party to the Convention (*ratification*, *accession*, *succession* or *continuation*), but these differences have no impact on how the Convention operates in the country." HCPIL Official Website: How to Read the Status Table of the Service Convention?, http://www.hcch.net/index_en.php?act=text.display&tid=148 (last visited Sept. 25, 2015) (emphasis in original). St. Vincent became a party to the Convention by succession and, thus, the Convention "is in force for . . . Saint Vincent and the Grenadines." HCPIL, Practical Handbook on the Operation of the Hague Convention of November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters 12 fn. 41 (3d ed. 2006)

http://www.hcch.net/index_en.php?act=status.comment&csid=932&disp=type (last visited Sept. 25, 2015) ("By a Note received at the Ministry of Foreign Affairs of the Kingdom of the Netherlands on 6 January 2005, the Government of Saint Vincent and the Grenadines informed the Ministry of Foreign Affairs that it does consider itself bound by the Convention."); HCPIL Official Website: Status Table, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (last visited Sept. 25, 2015) (recognizing that St. Vincent is one of the "Non-Member States of the Organisation").   Thus, Plaintiff is required to serve Clover pursuant to the Convention's requirements, which Plaintiff does not (and cannot) argue that it has done.

Plaintiff relies on *Mayoral-Amy v. BHI Corp.*, 180 F.R.D. 456 (S.D. Fla. 1998), for its argument that service under the Convention is not mandatory in Non-Member Contracting States, but neither that case nor any other authority supports this proposition.  In *Mayoral-Amy*, the Court was "uncertain" whether Belize was a party to the Convention because although "Belize's predecessor in sovereignty (British Honduras) was a party to the Convention," the then-newly independent country of Belize had not expressly ratified or acceded to the Convention as of the date of the decision.  *Id.* at 459 & n.2.  Despite its "uncertainty," the Court did not rule on whether Hague service was required in Belize, but instead determined that plaintiff's attempted service was invalid under either the Convention or domestic service rules. *Id.* at 460.  The Court did *not* hold—or even intimate—that Hague service is not required in Non-Member Contracting States.[2]

---

[2]    Notably, years after *Mayoral-Amy* was decided, on "September 8, 2009, Belize acceded to the Hague Convention," thus becoming a "non-member party" thereto. *Tracfone Wireless*, 2015 WL 5165718, at *2.  This event "clarified the uncertainty . . . raised" in *Mayoral Amy*

4

St. Vincent's status under the Hague is not "uncertain."  St. Vincent is a Non-Member Contracting State.  Because the requirements of the Convention are mandatory in Non-Member Contracting States and because Plaintiff did not follow those requirements here, the Amended Complaint against Clover should be dismissed for insufficient service of process.

## II. CLOVER IS NOT SUBJECT TO PERSONAL JURISDICTION IN THIS COURT

In its Motion to Dismiss, Clover argues that Plaintiff impermissibly "lumps" the jurisdictional allegations as to all Defendants and that this Court lacks personal jurisdiction over Clover under the sole jurisdictional basis alleged in the Amended Complaint—the federal long-arm statute, Fed. R. Civ. P. 4(k)(2).  In its Opposition, Plaintiff fails to respond to these arguments, thus conceding that it has impermissibly "lumped" its jurisdictional allegations and that there is no basis for jurisdiction over Clover under Rule 4(k)(2).  *See N. Assur. Co. of Am. v. Bayside Marine Constr., Inc.*, 08-cv-222, 2009 WL 151023, at *3 (S.D. Ala. Jan. 21, 2009) ("[A] party's decision not to proffer argument or authority in response to the motion to dismiss is at his peril.").  Plaintiff instead asserts an alternative, unpled basis for jurisdiction—namely, the Florida long-arm statute.  *See* Fla. Stat. § 48.193(1), (2).  Plaintiff's attempt to amend its pleading in its response to the Motion to Dismiss is futile.

To establish jurisdiction over Clover under Florida's long-arm statute, Plaintiff must rely only on Clover's alleged contacts in *Florida*—not those throughout the entire United States. *Banton Indus., Inc. v. Dimatic Die & Tool Co.*, 801 F.2d 1283, 1284 (11th Cir. 1986) ("Among the factors relevant to determining if a forum can assert personal jurisdiction over a non-resident

---

about Belize's status under the Hague in 1998, thus making clear that the requirements of the Hague apply to service in Belize.  *Id.* at *2 n.2.

defendant is whether that 'defendant's conduct and connection with *the forum State* are such that he should reasonably anticipate being haled into court *there*.'" (emphases added) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980))). The Amended Complaint principally relies on Clover purportedly availing itself of the laws of the *United States*, contracting with *United States* advertisers, and targeting internet users in the *United States*. Am. Compl., ¶¶ 7-10. None of that is jurisdictionally relevant here. *See Banton Indus.*, 801 F.2d at 1284 (ignoring defendant's contacts with Nebraska in lawsuit asserting jurisdiction under Alabama's long-arm statute).[3]

And the alleged Florida-specific contacts are wholly insufficient to confer personal jurisdiction over Clover. Clover has demonstrated (and by not raising any argument in opposition, Plaintiff has conceded) that even when Clover's alleged contacts with Florida *and* the rest of the United States are combined, there are insufficient minimum contacts to satisfy due process requirements. Mot. to Dismiss, pp. 9-20 (analyzing personal jurisdiction under Rule 4(k)(2)). As such, jurisdiction based solely on the more limited subset of Florida-specific contacts is likewise impermissible. *See* Mot. to Dismiss, p. 11 n.2 (citing *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1219 n.25 (11th Cir. 2009) (noting that the personal

---

[3]     The documents upon which Plaintiff seeks to rely are unauthenticated and thus must be disregarded. *MPS Entm't, LLC v. Headrush Apparel, Inc.*, 12-cv-23364, 2013 WL 5446543, at *5 n.5 (S.D. Fla. Sept. 13, 2013) (Cooke, J.) (rejecting unauthenticated records as incompetent to rebut defendant's declarations in support of motion to dismiss); *ArrivalStar S.A. v. Axis Global Logistics*, 11-cv-80585, 2012 WL 488192, at *4 (S.D. Fla. Feb. 14, 2012) (holding that the court could not consider plaintiffs' unauthenticated printouts from websites to support personal jurisdiction claims). Those documents also do not show that *Clover* (as opposed to any of the other twenty-three defendants) advertised or targeted Internet users in Florida. *Cf. ArrivalStar*, 2012 WL 488192, at *4 (holding that webpages were insufficient to support jurisdictional allegations).

jurisdiction analysis is "virtually identical" under either the due process clause of the Fifth Amendment (federal claims) or the Fourteenth Amendment (state claims))).[4]

Plaintiff's argument based on the alleged forum selection clause in the domain-name contract for www.sex.com fares no better. As this Court has held, a forum selection clause such as the one alleged here has no bearing on the required due process analysis. *MPS Entm't, LLC v. Headrush Apparel, Inc.*, 12-cv-23364, 2013 WL 5446543, at *5 (S.D. Fla. Sept. 13, 2013) (Cooke, J.) (holding that forum selection clauses "are not sufficient, by themselves, to confer personal jurisdiction over [the defendant]: an independent basis for personal jurisdiction is required" (citing *McRae v. J.D./M.D., Inc.*, 511 So. 2d 540, 544 (Fla. 1987))); *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1390 n.3 (S.D. Fla. 2014) ("The existence of a clause conferring personal jurisdiction is not a factor when considering a defendant's contacts with a forum state for purposes of determining whether general personal jurisdiction exists."). Moreover, Florida's long-arm statute does not provide for jurisdiction based on contractual agreements unrelated to a plaintiff's claims, as is the case here. *See McRae*, 511 So. 2d at 543. And to meet its constitutional burden, Plaintiff must demonstrate that Clover has sufficient

---

[4]     In any event, Plaintiff does not demonstrate that Florida's long-arm statute even applies to Clover. *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (holding that there is a two-part jurisdictional analysis for non-resident defendants: (1) a basis for jurisdiction under the long-arm statute; and (2) a basis for jurisdiction under the constitution). Plaintiff contends that its Amended Complaint "tracks"—or copies—the language of that statute, and thus that it has met its burden to show jurisdiction pursuant thereto. Opposition, pp. 9-10.

The same cases on which Plaintiff relies, however, hold that simply "tracking" the statute is insufficient when the defendant produces sworn proof to rebut the jurisdictional allegations, as Clover has done (ECF No. 24-1). *Milligan Elec. Co., Inc. v. Hudson Constr. Co.*, 886 F. Supp. 845, 849 (N.D. Fla. 1995) (holding that tracking statutory language was sufficient because defendants did not support motion to dismiss with affidavits); *Hilltopper Holding Corp. v. Estate of Cutchin ex rel. Engle*, 955 So. 2d 598, 601-02 (Fla. 2d DCA 2007) (explaining burden-shifting process that places final burden on plaintiff to produce sworn evidence once defendant has done the same to contest jurisdictional allegations). Because Plaintiff produced no sworn proof to contest Clover's evidence, it has not met its burden.

*actual* minimum contacts with Florida—not hypothetical or potential contacts that may arise from a future dispute between Clover and unidentified third parties under the unauthenticated domain-name contract.  Plaintiff has not done so.

Plaintiff misinterprets the sole case it cites on this point.  *See Cybernet Entm't LLC v. IG Media Inc.*, 12-cv-01101, slip op. at 15 (D. Ariz. Nov. 30, 2012).  Contrary to Plaintiff's claims, Opposition, pp. 11-12, the *Cybernet* court did not recognize personal jurisdiction over the defendant based on a forum selection clause.  *Id.* at 6, 15 ("Because the Court concludes the Defendant is subject to personal jurisdiction under FRCP 4(k)(2), it finds it unnecessary to address Plaintiff's forum selection clause argument.").  Plaintiff also has not produced any competent proof that *Clover* (rather than any of the other defendants) signed the alleged contract with Network Solutions, LLC that is quoted in the Opposition, and its decision to lump all of the defendants together as to this contention is insufficient to establish personal jurisdiction.  *See* Amd. Compl., ¶ 5; Mot. to Dismiss, pp. 9-10.  Finally, Plaintiff conveniently overlooks the text from the purported contract that states that the forum selection clause applies only to disputes related to *domain name registrations*.  *See* Opposition, p. 11.  There are no such claims in this case, and thus the clause is inapplicable.  *See Dental Assocs., P.C. v. Am. Dental Partners of Mich., LLC*, 520 F. App'x 349, 351 (6th Cir. 2013) (holding that an arbitration clause in two agreements did not govern claims that arose under a separate contract).

Whether under the theory pled in its Amended Complaint or the new one raised for the first time in the Opposition, Plaintiff has not met its burden to establish that the Court has personal jurisdiction over Clover.

## <u>CONCLUSION</u>

For the foregoing reasons as well as those set forth in Clover's Motion to Dismiss, the Court should enter an Order granting that Motion and dismissing the Amended Complaint against Clover with prejudice.

Respectfully submitted,

By:  *<u>/s/ John F. O'Sullivan</u>*
John F. O'Sullivan
Fla. Bar No. 143154
Allen P. Pegg
Fla. Bar No. 597821
Jason D. Sternberg
Fla. Bar No. 72887
HOGAN LOVELLS US LLP
600 Brickell Ave., Suite 2700
Miami, FL 33131
Telephone:  (305) 459-6500
Facsimile:  (305) 459-6550
john.osullivan@hoganlovells.com
allen.pegg@hoganlovells.com
jason.sternerg@hoganlovells.com

*Attorneys for Defendant Clover Holdings Limited Partnership*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 28, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel and that a true and correct copy was served via electronic mail on all counsel of parties of record:

Aaron Behar
Fla. Bar No. 166286
Jaclyn Behar
Fla. Bar No. 63833
BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida  33326
Telephone:  (954) 688-7642
Facsimile:  (954) 332-9260
AB@BeharBehar.com

and

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:  (253) 383-4501
sfreeman@freemanlawfirm.org

*Counsel for Plaintiff*

By:  */s/ Allen P. Pegg*_____
    Allen P. Pegg
    Fla. Bar No. 597821
    allen.pegg@hoganlovells.com
