UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22463-Civ-COOKE/TORRES

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

    Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

    Defendants.
_____/

## JOINT SCHEDULING REPORT

1. **Meeting of Parties:** Pursuant to Local Rule 16.1(b), a meeting was held on **September 29, 2015** by telephone and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| Aaron Behar, Esq. | Plaintiff |
| Brady J. Cobb, Esq. | Defendants, Maximum Apps. Inc. d/b/a Sex.Com and Frederick Valiquette |

1

### Plain Statement of the Nature of the Claim

Plaintiff alleges in the Amended Complaint that Defendants' actions and inactions violated trademark laws, the Lanham Act, copyright infringement laws, and Florida State laws regarding the unauthorized publication of name and likeness. Defendants deny these allegations. Defendants state further that they are not subject to personal jurisdiction in this Court.

### Unique Legal or Factual Aspects

The parties do not believe there are any unique legal or factual aspects of the case requiring special consideration by the Court.

2. **Pursuant to Local Rule 16.1(b)(2) the parties submit the following statements:**

    ### (A) Settlement:

    At this time, the Parties agree that they will work in good faith towards settlement.

    ### (B) The Likelihood of Appearance in the Action of Additional Parties:

    At this time, the parties do not believe it to be likely that any additional parties will be joined.

    ### (C) The Proposed Limits on the Time:

    Pursuant to Local Rule 16.1(2)(C) the parties submit the following statement concerning the proposed limits on the time to:

    i. join other parties and to amend the pleadings is **March 14, 2016;**

    ii. file and hear motions is **June 27, 2016;** and

    iii. complete discovery is **June 20, 2016.**

3. The following is a detailed description of the specific discovery plan to be followed by the Parties in this case.

    Discovery Plan – Plaintiff: The parties jointly propose the following Plaintiff's discovery
    plan:

    a. <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and

2

will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admissions:</u>
Plaintiff anticipates propounding requests for admissions regarding all claims and defenses in this action.

Number of Requests for Admissions: Parties may seek to limit the number of Plaintiffs' requests for admissions in accordance with Fed.R.Civ. P. 26(b)(2). Any such request must be approved by the court.

(2)     <u>Written Interrogatories:</u>

Plaintiff anticipates propounding interrogatories regarding all claims and defenses in this action.

Number of Interrogatories: Local Rule 26.1(g)(1) provides "[t]he presumptive limitation on the number of interrogatories (twenty five (25) questions including all discrete subparts) which may be served without leave of Court or written stipulation, as prescribed by Federal Rules of Civil Procedure 33(a), shall apply to actions in this Court." Any request by Plaintiff to exceed this limit must be made approved by the court.

(3)     <u>Request for Production or Inspection:</u>

Plaintiff anticipates propounding requests for production regarding all claims and defenses in this action.

(4)     <u>Oral Depositions:</u>

Plaintiff anticipates taking the depositions of Defendants, and Defendants' Corporate Representatives, and persons identified by Defendants as witnesses. Defendants have not yet disclosed witnesses in this case. Plaintiff will also depose Defendants' expert witness, if any.

Number of Depositions: "in accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31 (a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be approved by the court.

Time permitted for Each Deposition: Local Rule 26.1(k) provides, "unless otherwise authorized by the Court or stipulated by the parties, a deposition is limited, under Federal Rules of Civil Procedure 30(d), to one (1) day of

3

seven (7) hours."

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of deposition | Grounds |
|---|---|---|

None at this time.

    b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Plaintiff's Fed.R.Civ.P. 26(a)(2) disclosures will be due as noted here:

    **May 14, 2016** Disclosure of Plaintiff's Expert Report.

    c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times:

    **On or before fifteen (15) days of learning that a previous response or disclosure is in some material respect incomplete or incorrect.**

    d. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before **June 20, 2016.**

4.   <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

    a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

    (1) <u>Requests for Admissions</u>:

Defendant anticipates propounding requests for admissions regarding all claims and defenses in this action.

Number of Requests for Admissions: Parties may seek to limit the number of Defendant's requests for admissions in accordance with Fed.R.Civ. P. 26(b)(2). Any such request must be approved by the court.

(2) <u>Written Interrogatories</u>:

Defendant anticipates propounding interrogatories regarding all claims and defenses in this action.

Number of Interrogatories: Local Rule 26.1(g)(1) provides "[t]he presumptive limitation on the number of interrogatories (twenty five (25) questions including all discrete subparts) which may be served without leave of Court or written stipulation, as prescribed by Federal Rules of Civil Procedure 33(a), shall apply to actions in this Court." Any request by Defendant to exceed this limit must be approved by the court.

(3) <u>Requests for Production or Inspection</u>:

Defendant anticipates propounding requests for production regarding all claims and defenses in this action.

(4) <u>Oral Depositions</u>:

Defendant anticipates taking the depositions of Plaintiffs and persons identified by Plaintiffs as witnesses. Plaintiffs have not yet disclosed witnesses in this case. Defendant will also depose Plaintiff's expert witness, if any.

Number of Depositions: "in accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31 (a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be approved by the court.

Time permitted for Each Deposition: Local Rule 26.1(k) provides, "unless otherwise authorized by the Court or stipulated by the parties, a deposition is limited, under Federal Rules of Civil Procedure 30(d), to one (1) day of seven (7) hours."

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| <u>Name</u> | <u>Proposed length of deposition</u> | <u>Grounds</u> |
|---|---|---|

None at this time.

b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Defendant's Fed.R.Civ.P. 26(a)(2) disclosure with be due as noted here:

**<u>June 27, 2016</u>. Rebuttal reports may be served within thirty (30) days.**

5

    c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times:

    **On or before fifteen (15) days** of learning that a previous response or disclosure is in some material respect incomplete or incorrect.

    d. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before **June 20, 2016.**

**(D) <u>Proposals for the Formulation and the Simplification of Issues:</u>**

The parties agree to work together to formulate and simplify the issues in this case.

**(E) <u>The Necessity or Desirability of Amendment to the Pleadings:</u>**

At this time, the parties do not believe it to be likely that any the pleadings will be amended.

**(F) <u>The possibility of obtaining admissions of facts and of documents:</u>**

The parties agree to work together to formulate and simplify the issues in this case.

**(G) <u>Suggestions of the avoidance of unnecessary proof and of cumulative evidence:</u>**

The parties agree to work together to enter into stipulations to avoid unnecessary proof and cumulative evidence.

**(H) <u>Suggestions on the advisability of referring matters to a Magistrate Judge or master:</u>**

The parties do not consent to the jurisdiction of the United States Magistrate Judge or master for final disposition, including trial.

**(I) <u>A preliminary estimate of the time required for trial:</u>**

This Non-Jury trial is expected to take approximately 7 days.

**(J) <u>Requested date or dates for conference before trial:</u>**

Parties agree that they will be ready for a final pretrial conference on or after **October 20, 2016** and for trial on or after **November 9, 2016.**

**(K) Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

At this time, the parties are unaware of any other matters that should be brought to the Court's attention in setting the case for status or pretrial conference.

### *Attachment A:* **Pretrial Deadlines, Pretrial Conference and Trial Date**

| | |
|---|---|
| March 4, 2016 | Joinder of parties and claims, and amendment of pleadings. |
| May 23, 2016 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |
| June 20, 2016 | All fact discovery must be completed. |
| June 27, 2016 | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses shall be permitted to testify. Within the fourteen-day period thereafter, Plaintiff shall make its experts available for deposition by Defendant. |
| June 27, 2016 | All dispositive motions and other pretrial motions not explicitly excluded by Local Rule 7.1(a)(1), and accompanying memoranda of law must be filed. A **minimum of seventeen (17) weeks** is required for the Court to review dispositive motions prior **to filing of the joint pretrial stipulation**. If **no** dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report. |
| July 11, 2016 | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses shall be permitted to testify. Within the fourteen-0day period thereafter, Defendant shall make its experts available for deposition by Plaintiff. |
| July 25, 2016 | All expert discovery must be completed. |
| August 1, 2016 | All Daubert and Markman motions and accompanying memoranda of law must be filed. *If a Daubert or Markman hearing is necessary, add that as an additional deadline at the bottom of Attachment A.* |
| August 8, 2016 | Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.) |

7

| | |
|---|---|
| September 12, 2016 | (a) <u>Joint</u> pretrial stipulation must be filed pursuant to Local rule 16.1(e). The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. **The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation.** The Court will not accept unilateral pretrial stipulations, and will strike, sua sponte, any such submissions; **and**<br><br>(b) Joint Summary of Respective Motions in *Limine* must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions *in limine*. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation. |
| October 31, 2016 | Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted. *(A courtesy copy shall be submitted to chambers at cooke@flsd.uscourts.gov, in Microsoft Word format)*, each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination. |
| November 9, 2016 | Trial Date. |

## *Attachment B:* Suggested Pretrial Deadlines

| 31 weeks prior to pretrial stipulation | Joinder of parties and claims, and amendment of pleadings. |
|---|---|
| 21 weeks prior to pretrial stipulation | Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| 18 weeks prior to pretrial stipulation | All <u>fact</u> discovery must be completed. |
| 16 weeks prior to pretrial stipulation | Plaintiff must furnish expert witness list to the Defendant, along with the summaries/reports required by Fed. R. Civ. P 26(a)(2), and only those expert witnesses shall be permitted to testify. Within the fourteen-day period thereafter, Plaintiff shall make its experts available for deposition by Defendant. |
| 17 weeks prior to pretrial stipulation | All dispositive pretrial motions and memoranda of law must be file. **A minimum of seventeen (17) weeks** is required for the Court to review dispositive motions prior to filing of the **joint pretrial stipulation**. **If no dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report.** |
| 14 weeks prior to pretrial stipulation | Defendant must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses shall be permitted to testify. Within the fourteen-day period thereafter, Defendant shall make its experts available for deposition by Plaintiff. |
| 12 weeks prior to pretrial stipulation | All expert discovery must be completed. If a Daubert or Markman hearing may be necessary, the parties are to add that as an additional deadline at the bottom of attachment A. |
| 11 weeks prior to pretrial stipulation | All Daubert and Markman motions and accompanying memoranda of law must be filed. **If a *Daubert* or *Markman* hearing is necessary, the parties are to add that as an additional deadline at the bottom of attachment A.** |
| 10 weeks prior to pretrial stipulation | Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promise client and judicial economy.) |
| 5 weeks prior to the **Friday before trial period** | (a) Joint pretrial stipulation must be filed pursuant to Local Rule 16.1(e). The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts and other relief sought. The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation. The court will not accept unilateral pretrial stipulations, and will strike, *sua* |

| | |
|---|---|
| | *sponte*, any such submissions; **and** <br><br> (b) Joint Summary of Respective Motions *in Limine* must be filed. The summary shall contain a cover page providing the type of the case and an index of the motions *in limine*. The summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation. |
| Friday before **Calendar Call** | Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted. *(A courtesy copy shall be submitted to chambers at cooke@flsd.uscourts.gov, in Microsoft Word format)*, each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination. |