UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22463-Civ-COOKE/TORRES

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART,

      Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

      Defendants.
_____/

## JOINT SCHEDULING REPORT

1. **Meeting of Parties:** Pursuant to Local Rule 16.1(b), conferrals were held between September 29 and October 1, 2015 by telephone and email correspondence, and were conducted by:

| Name | Counsel for (if applicable) |
|---|---|
| Aaron Behar, Esq. | Plaintiff |
| Brady J. Cobb, Esq. | Defendants, Maximum Apps. Inc. d/b/a Sex.Com and Frederick Valiquette |
| Allen P. Pegg, Esq. | Defendant Clover Holdings Limited |

**Plain Statement of the Nature of the Claim**

Plaintiff alleges in the Amended Complaint that Defendants' actions and inactions violated trademark laws, the Lanham Act, copyright infringement laws, and Florida State laws regarding the unauthorized publication of name and likeness. Defendants deny these allegations, deny that this Court has jurisdiction over them, and deny that Plaintiff is entitled to any of the relief it seeks. This Joint Scheduling Report is submitted with a full reservation of all positions and arguments set forth in Defendants' respective Motions to Dismiss (DE ##24, 34) and oppositions thereto.

**Unique Legal or Factual Aspects**

The parties do not believe there are any unique legal or factual aspects of the case requiring special consideration by the Court.

2. **Pursuant to Local Rule 16.1(b)(2) the parties submit the following statements:**

    **(A) Settlement:**

    At this time, the likelihood of settlement is unknown but the parties agree that they will work in good faith towards settlement at the appropriate time.

    **(B) The Likelihood of Appearance in the Action of Additional Parties:**

    At this time, the parties do not believe it to be likely that any additional parties will be joined.

    **(C) The Proposed Limits on the Time:**

    Pursuant to Local Rule 16.1(b)(2)(C), and as further detailed in the attached proposed pretrial and trial schedule, the parties submit the following statement concerning the proposed limits on the time to:

    i. join other parties and to amend the pleadings is **November 20, 2015;**

    ii. file and hear motions is **June 27, 2016;** and

    iii. complete discovery is **June 20, 2016.**

    **(D) Proposals for the Formulation and the Simplification of Issues:**

    The parties agree to work together to formulate and simplify the issues in this case, but at the present time have no specific suggestions in this regard.

    **(E) The Necessity or Desirability of Amendment to the Pleadings:**

    At this time, the parties do not believe it to be likely that any of the pleadings will

be amended.

**(F) The possibility of obtaining admissions of facts and of documents:**

The parties agree to work together on obtaining possible admissions designed to simplify the issues in this case.

**(G) Suggestions of the avoidance of unnecessary proof and of cumulative evidence:**

The parties agree to work together to enter into possible stipulations designed to avoid unnecessary proof and cumulative evidence.

**(H) Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

The parties do not consent to the jurisdiction of the United States Magistrate Judge or master for final disposition, including trial.

**(I) A preliminary estimate of the time required for trial:**

The parties preliminarily estimate that trial would take approximately 7 days.

**(J) Requested date or dates for conference before trial**:

Based on present circumstances, the parties anticipate that they will be ready for a final pretrial conference on or after **October 24, 2016** and for trial on or after **November 9, 2016.**

**(K) Any other information that might be helpful to the Court in setting the case for status or pretrial conference:**

Defendant Clover Holdings Limited has an outstanding Motion to Dismiss based on insufficient service of process and lack of personal jurisdiction. (DE #24). That Motion is fully briefed and ripe for resolution. Clover Holdings submits that no discovery should proceed until this Court determines whether Clover Holdings has been properly served with process and whether this Court has personal jurisdiction over it. Defendants Maximum Apps Inc. and Frederic Valiquette have also filed a Motion to Dismiss for Lack of Jurisdiction (D.E. 34). That Motion is not fully briefed as of yet, however Defendants also request that no discovery be permitted until the Court renders a decision on Defendants' Motion to Dismiss (D.E. 34). Plaintiff submits that discovery, including jurisdictional discovery, should be allowed to proceed. In the event the Court permits jurisdictional discovery to proceed, Plaintiff reserves its rights to petition the Court for an enlargement of the deadlines set forth herein, commensurate with the timeframes required for said discovery. At this time, the parties are unaware of any other matters that should be brought to the Court's attention in setting the case for status or pretrial conference.

*Attachment A:* **Pretrial Deadlines, Pretrial Conference and Trial Date**

| | |
|---|---|
| November 20, 2015 | Joinder of parties and claims, and amendment of pleadings. |
| May 23, 2016 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all fact witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify unless good cause is shown and there is no prejudice to opposing party. The parties are under a continuing obligation to supplement discovery responses within ten (10) days of receipt or other notice of new or revised information. |
| June 20, 2016 | All <u>fact</u> discovery must be completed. |
| June 27, 2016 | Plaintiff must furnish expert witness list to the Defendants, along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses shall be permitted to testify. Within the fourteen-day period thereafter, Plaintiff shall make its experts available for deposition by Defendants. |
| June 27, 2016 | All dispositive motions <u>and</u> other pretrial motions not explicitly excluded by Local Rule 7.1(a)(1), and accompanying memoranda of law must be filed. A **minimum of seventeen (17) weeks** is required for the Court to review dispositive motions prior **to filing of the joint pretrial stipulation**. **If <u>no</u> dispositive motions will be filed, clearly note this fact in the Joint Scheduling Report**. |
| July 11, 2016 | Defendants must furnish expert witness list to the Plaintiff along with the summaries/reports required by Fed. R. Civ. P. 26(a)(2), and only those expert witnesses shall be permitted to testify. Within the fourteen-day period thereafter, Defendants shall make its experts available for deposition by Plaintiff. |
| July 25, 2016 | All <u>expert</u> discovery must be completed. |
| August 15, 2016 | All <u>Daubert</u> and <u>Markman</u> motions and accompanying memoranda of law must be filed. *If a Daubert or Markman hearing is necessary, add that as an additional deadline at the bottom of Attachment A.* |
| August 29, 2016 | Mediation must be completed. (The parties should select the earliest date to maximize resolution of the case in a manner that promotes client and judicial economy.) |

| | |
|---|---|
| October 24, 2016 | (a) <u>Joint</u> pretrial stipulation must be filed pursuant to Local rule 16.1(e). The pretrial stipulation shall include Plaintiff's non-binding breakdown of damages with corresponding amounts; the witness lists shall be pared down to those witnesses the parties actually intend to call at trial; and the exhibit lists shall identify the witness introducing each exhibit. **The parties shall meet at least one (1) month prior to the deadline for filing the pretrial stipulation to confer on the preparation of that stipulation.** The Court will not accept unilateral pretrial stipulations, and will strike, sua sponte, any such submissions; **and**<br><br>(b) Joint Summary of Respective Motions in *Limine* must be filed. The Summary shall contain a cover page providing the style of the case and an index of the motions *in limine*. The Summary shall also include for each evidentiary issue: (*i*) a one (1) page motion identifying the evidence sought to be precluded at trial and citing legal authority supporting exclusion; and (*ii*) a one (1) page response to the motion providing a statement of the purpose for which the challenged evidence would be offered and citing legal authority in support of admission of the challenged evidence. The parties shall work together to prepare the Summary. Prior to submission of the Summary, the parties are encouraged to resolve evidentiary issues through stipulation. |
| October 31, 2016 | Final proposed jury instructions (for jury trial) or findings of fact and conclusions of law (for bench trial) must be submitted. ***(A courtesy copy shall be submitted to chambers at cooke@flsd.uscourts.gov, in Microsoft Word format)***, each party's list indicating each witness who will testify at trial, a one sentence synopsis of the testimony, and in consultation with opposing counsel, indicate the amount of time needed for direct and cross examination. |
| November 9, 2016 | Trial calendar. |