UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,

      Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

      Defendants.
_____/

**DEFENDANT CLOVER HOLDINGS LIMITED'S
OPPOSITION TO PLAINTIFF'S MOTION FOR A STAY
<u>FOR PURPOSES OF CONDUCTING JURISDICTIONAL DISCOVERY</u>**

    Defendant Clover Holdings Limited ("Clover"), by and through undersigned counsel, submits the following Opposition to the Motion to Stay for Purposes of Conducting Jurisdictional Discovery (ECF No. 41) filed by Plaintiff Hydentra HLP Int. Limited ("Plaintiff"). For a variety of reasons, Plaintiff's belated and unfounded Motion to Stay should be denied.

**<u>ARGUMENT</u>**

    Plaintiff's Motion to Stay impermissibly seeks a second bite at the jurisdictional apple. As explained in Clover's Reply in Support of Its Motion to Dismiss (ECF No. 37), Plaintiff failed in its Opposition to address Clover's jurisdictional arguments (instead jettisoning its jurisdictional allegations in favor of an alternative unpled and unsupported theory) and failed to show any basis in law or fact for the exercise of personal jurisdiction over Clover. Plaintiff also

failed to provide any justification for why its impermissible lumping of all three named (and twenty unnamed) defendants in attempting to allege the existence of personal jurisdiction over Clover should be accepted in this case despite having been rejected in myriad others (there is no such justification). Those failures alone dictate that the Motion to Stay—which asks that the Court, if inclined to grant Clover's Motion to Dismiss, abate resolution of that Motion while Plaintiff tries to establish the jurisdiction that its pleading does not—should be denied.

Plaintiff's Motion should be denied for several other reasons as well. First, piecemeal litigation is not allowed, particularly where the effort to engage in such is essentially an afterthought. Despite having the opportunity to do so, Plaintiff chose to submit *no* affidavits, *no* declarations, and *no* other competent evidence either controverting the jurisdictional evidence Clover submitted in support of its Motion to Dismiss or even authenticating any of Plaintiff's unverified webpage submissions (ECF No. 31). And it still has not. Briefing on the Motion to Dismiss is now closed, and any new arguments or affidavits relating to that motion are untimely. *See* S.D. Fla. L.R. 7.1(c) ("No further or additional memoranda of law shall be filed [after the filing of the reply brief] without prior leave of Court. All materials in support of any motion, response, or reply, including *affidavits and declarations*, shall be served with the filing." (emphasis added)); Order Granting Pl.'s Mot. to Strike Untimely Aff. of Def. John Hartley at 4, *Burger v. Hartley*, 11-cv-62037 (S.D. Fla. Sept. 12, 2012), ECF No. 233 (striking affidavit filed after reply brief as untimely under Rule 7.1(c)).

Second, Plaintiff is not entitled to jurisdictional discovery because it has not established, as it must, any factual dispute that Clover is not subject to the Court's jurisdiction. This is especially true given that Clover has provided undisputed, competent evidence showing that it has no relevant connections with the United States or the State of Florida (ECF No. 24-1).

2

Defendants Maximum Apps, Inc. and Frederic Valiquette also submitted competent evidence that contradicts Plaintiff's allegations concerning the purported contacts with the United States that "Defendants" have through sex.com.  *E.g.*, ECF No. 34-3 (Affidavit of Maximum Apps President) (establishing that, *inter alia*, only 16% of visitors to sex.com were from the United States, not "over 40%" as alleged in the Amended Complaint).  Given these circumstances, jurisdictional discovery is unwarrranted.  *See Peruyero v. Airbus S.A.S.*, __ F. Supp. 3d __, __, 2014 WL 7734264, at *5 (S.D. Fla. Apr. 30, 2014) (Cooke, J.) ("Jurisdictional discovery is not warranted here . . . because [plaintiff] did not submit any evidence to rebut [defendant's] evidence. . . .  Thus, there is no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery.").

Third, jurisdictional discovery cannot cure the fundamental pleading deficiencies in Plaintiff's Amended Complaint.  The Amended Complaint lumps all Defendants together in each jurisdictional allegation (subjecting, if permitted, all Defendants to discovery related to allegations only pertaining to some defendants).  Jurisdictional discovery based on these deficient and impermissible allegations is not justified.  *See JMA, Inc. v. Biotronik SE & Co. KG*, No. 12-cv-23466, 2013 WL 1402322, at *5 (S.D. Fla. Apr. 5, 2013) ("The purpose of jurisdictional discovery is to ascertain the truth of the allegations or facts underlying the assertion of personal jurisdiction.  It is *not* a vehicle for a 'fishing expedition' in hopes that discovery will sustain the exercise of personal jurisdiction.").

Fourth, granting Plaintiff's Motion to Stay will not cure the fact that Plaintiff failed to properly serve Clover in accordance with the Hague Convention.  *See* Motion to Dismiss (ECF No. 24); Reply Brief (ECF No. 37); *cf. Peruyero*, __ F. Supp. 3d at __, 2014 WL 7734264, at *5 ("[J]urisdictional discovery is 'not an unconditional right that permits a plaintiff to seek facts that

3

would ultimately not support a showing [of] personal jurisdiction.'"). And even though more than three months have passed since the filing of this lawsuit, Plaintiff *still* has not served Clover in accordance with the Hague Convention. This failure precludes the exercise of jurisdiction over Clover just as it does Plaintiff's efforts to engage in discovery concerning same.

## **CONCLUSION**

For the foregoing reasons, the Court should enter an Order denying Plaintiff's Motion to Stay.

Respectfully submitted,

By: */s/ John F. O'Sullivan*_____
John F. O'Sullivan
Fla. Bar No. 143154
Allen P. Pegg
Fla. Bar No. 597821
Jason D. Sternberg
Fla. Bar No. 72887
HOGAN LOVELLS US LLP
600 Brickell Ave., Suite 2700
Miami, FL 33131
Telephone: (305) 459-6500
Facsimile: (305) 459-6550
john.osullivan@hoganlovells.com
allen.pegg@hoganlovells.com
jason.sternerg@hoganlovells.com

*Attorneys for Defendant Clover Holdings Limited Partnership*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 5, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel and that a true and correct copy was served via electronic mail on all counsel of parties of record:

Aaron Behar
Fla. Bar No. 166286
Jaclyn Behar
Fla. Bar NO. 63833
BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida  33326
Telephone:  (954) 688-7642
Facsimile:  (954) 332-9260
AB@BeharBehar.com

and

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:  (253) 383-4501
sfreeman@freemanlawfirm.org

*Counsel for Plaintiff*

                                              By:  */s/ Allen P. Pegg*
                                                  Allen P. Pegg
                                                  Fla. Bar No. 597821
                                                  allen.pegg@hoganlovells.com