UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,

    Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

    Defendants.
_____/

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STAY FOR PURPOSES OF CONDUCTING JURISDICTIONAL DISCOVERY AS TO CLOVER HOLDINGS LIMITED PARTNERSHIP

COMES NOW, Plaintiff, HYDENTRA HLP INT. LIMITED d/b/a METART, by and through the undersigned counsel, and hereby files its Reply in Support of its Motion to Stay For Purposes of Conducting Jurisdictional Discovery as to Clover Holdings Limited Partnership ("Clover Holdings"), and as grounds therefore states as follows:

On October 5, 2015, Clover Holdings opposed Plaintiff's Motion for Stay (D.E. # 47) setting forth its position that Plaintiff is somehow seeking "a second bite at the jurisdictional apple." Such is not the case. The information required by Plaintiff in order

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

1 of 4

to address the issues raised in Defendant's Motion to Dismiss is in the exclusive custody and control of Clover Holdings. Thus, discovery is required. Plaintiff's request is also timely in light of this District's prior holdings on the issue.

Defendant's position is contrary to the view the Southern District of Florida has taken when considering whether to grant jurisdictional discovery. In both *Mother Doe I v. Maktoum*, 632 F. Supp. 2d 1130 (S.D. Fla. 2007), and more recently in *Millennium Indus. Network v. Hitti*, 2014 U.S. Dist. LEXIS 10232; 2014 WL 324656 (S.D. Fla. 2014), the court expressed its concern with the extent of efforts the plaintiffs made to commence jurisdictional discovery *before the motion to dismiss was decided*. For example, in *Maktoum*, the court noted that plaintiff merely "requested" discovery but never filed a "formal motion to take discovery . . . [and it was] unclear why they agreed with Defendants not to take any discovery until after the Court ruled on Defendants' Motion to Dismiss." *Maktoum*, 632 F. Supp. 2d at 1146. Similarly, in *Hitti*, the court noted the following, ". . . Plaintiff has not affirmatively sought jurisdictional discovery. Plaintiff has not filed a motion containing such a request, nor has it sought a stay of this motion [motion to dismiss] pending jurisdictional discovery." *Hitti*, 2014 U.S. Dist. LEXIS at *11 (citing *United Techs. Corp. v. Mazer*, 556 F.3d 1260 (11th Cir. 2009)("[Plaintiff] failed to take any of these reasonable steps to seek discovery, or a deferral of a ruling pending discovery . . . The district court, therefore, did not so much deny discovery as it dismissed the case before discovery was taken.")).

Here, Plaintiff proceeded in a fashion consistent with what the Southern District would consider to be reasonable. Plaintiff filed a formal motion seeking a stay of any

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642  F: 954-332-9260  W: BeharBehar.com

2 of 4

determination on the pending motion to dismiss pending jurisdictional discovery. Plaintiff set forth in detail the areas of inquiry that are relevant to permit this Court to render a determination on the issue of jurisdiction over Clover Holdings. The Motion to Stay was filed before any determination was made on the Motion to Dismiss, and that Motion to Dismiss remains pending today.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of October, 2015 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: John F. O'Sullivan, Esq., Allen P. Pegg, Esq. and Jason D. Sternberg, Esq., *Counsel for Clover Holdings Limited Partnership*; and Brady J. Cobb, Esq., *Counsel for Maximum Apps Inc. d/b/a Sex.Com and Frederic Valiquette.*

                                                Respectfully submitted,

                                                */s/Aaron Behar, Esq.*
                                                Aaron Behar, Esq.
                                                Florida Bar No.: 166286
                                                */s/Jaclyn Behar, Esq.*
                                                Jaclyn Behar, Esq.
                                                Florida Bar No.: 063833
                                                BeharBehar
                                                1840 North Commerce Parkway
                                                Suite 1
                                                Weston, Florida 33326
                                                Telephone: (954) 688-7642
                                                Facsimile: (954) 332-9260
                                                E-mail: ab@beharbehar.com
                                                         jb@beharbehar.com
                                                ***Counsel for Plaintiff***

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

3 of 4

/s/*Spencer D. Freeman, Esq.*
Spencer D. Freeman, Esq.
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile: (253) 383-4501
E-mail: sfreeman@freemanlawfirm.org
***Counsel for Plaintiff (Pro Hac Vice)***

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

4 of 4