UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,

      Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

      Defendants.
_____/

### JOINT MOTION TO STAY PRETRIAL DEADLINES PENDING DISPOSITION OF DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT

Pursuant to Rules 26(c) and (d), Fed. R. Civ. P., and Local Rule 7.1, L.R. S.D. Fla., Plaintiff Hydentra HLP Int. Limited and Defendants Clover Holdings Limited ("Clover"),[1] Maximum Apps Inc., and Frederic Valiquette (collectively, the "Parties") jointly move this Court for the entry of an Order temporarily staying all pre-trial deadlines pending disposition of Defendants' case-dispositive motions to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) (ECF Nos. 24, 34) and, with respect to Clover, for insufficient service of

---

[1] Clover, and undersigned counsel acting on its behalf, specially appear for the limited purpose of filing this Motion and expressly reserve, and do not waive, any and all defenses to the Amended Complaint, including, without limitation, the defenses of lack of personal jurisdiction and insufficient service of process and all other defenses otherwise available under the Federal Rules of Civil Procedure. Maximum Apps, Inc. and Frederic Valiquette, and undersigned counsel acting on their behalf, specially appear for the limited purpose of filing this Motion and expressly reserve, and do not waive, any and all defenses to the Amended Complaint, including, without limitation, the defenses of lack of personal jurisdiction.

process pursuant to Federal Rule of Civil Procedure 12(b)(5) (ECF No. 24).

The Parties submit that there is good cause for the requested stay, because the personal jurisdiction issues raised in the motions to dismiss are potentially case-dispositive. Clover also submits that Plaintiff is not entitled to party discovery from Clover (and thus cannot advance its alleged case against Clover) until it has properly served Clover (which Clover contests in its motion to dismiss). Where, as here, a challenge to the viability of a complaint is pending, it "should be resolved before discovery begins," and entering a stay of discovery is appropriate. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also*, *e.g.*, *Taylor v. Fitness Int'l, LLC*, Case No. 14-2005, ECF No. 19 (S.D. Fla. Mar. 11, 2014) (Cooke, J.) (granting stay of discovery pending disposition of motion to compel arbitration). This is especially so here, because all the Defendants are located in foreign countries and requiring them to engage in costly international discovery and other litigation process in a matter over which this court may lack jurisdiction would do "nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, [and] squander scarce judicial resources." *Chudasama*, 123 F.3d at 1368.

## BACKGROUND

On June 30, 2015, Plaintiff filed this intellectual property dispute against three foreign defendants: Clover, a company incorporated in Saint Vincent and the Grenadines; Maximum Apps Inc., a limited company incorporated and operating under the laws of Canada; and Frederic Valiquette, a Canadian resident. On September 3, 2015, Clover moved to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(5), contending that Plaintiff failed to properly serve it with process under the Hague Convention. (ECF No. 24). Clover also moved to dismiss the Amended Complaint pursuant to Rule 12(b)(2), arguing that this Court lacks personal

jurisdiction over it, because Clover has insufficient connections to the United States or the State of Florida. *Id.* Clover's dismissal motion is fully briefed and awaiting the Court's ruling. (ECF Nos. 31, 37).

On September 21, 2015, Defendants Maximum Apps Inc. and Frederic Valiquette likewise moved to dismiss the Amended Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction, arguing that they do not have sufficient contacts to the United States or the State of Florida to be subject to this lawsuit. (ECF No. 21). That motion, too, is fully briefed and awaiting the Court's ruling. (ECF Nos. 48, 64).

On October 5, 2015, the Court entered its Order Setting Civil Trial Date and Pretrial Deadlines. (ECF No. 26). The Order requires, *inter alia*, that the Parties complete discovery by February 5, 2016. *Id.*

## **ARGUMENT**

"[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them." *Chudasama*, 123 F.3d at 1366. This discretion includes the inherent power to, among other things, "exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177 (1979)*; see Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) (explaining that a "trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"). A district court also has broad discretionary authority in determining whether a stay of pretrial deadlines is appropriate. *See Miccosukee Tribe of Indians v. S. Florida Water Mgmt. Dist.*, Case No. 98-06056, 2007 WL 7377465, at *2 (S.D. Fla. Mar. 28, 2007); *see also* Fed. R. Civ. P. 26(c) and (d) (district court may stay discovery upon showing of good cause, and may control timing and sequence of discovery).

Where a "[f]acial challenge to the legal sufficiency of a claim . . ." is pending, it "should

3

be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367.  To this end, the Eleventh Circuit has endorsed the granting of a temporary stay pending the outcome of a potentially dispositive motion to dismiss in order to avoid the burden and expense that pretrial proceedings would pointlessly impose on the Court and the parties.  *See Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (affirming order "suspending discovery" pending resolution of "motions for judgment on the pleadings [that presented] "facial challenges to the legal sufficiency of [plaintiff's] complaint").  "Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama*, 123 F.3d at 1368.

Here, the Parties jointly submit that entry of a temporary stay of the upcoming pretrial deadlines is appropriate in light of Defendants' pending motions to dismiss.  In particular, if the Court grants either or both Defendants' respective motions to dismiss, there will either be no need to conduct any further discovery or pretrial proceedings (if both are granted) or the proceedings will be much more circumscribed (if only one is granted).  In such circumstances, this Court has held that the interests of economy warrant a temporary stay pending disposition of the case-dispositive issues.  *See Taylor v. Fitness Int'l, LLC*, Case No. 14-2005, ECF No. 19 (S.D. Fla. Mar. 11, 2014) (Cooke, J.) (granting stay of discovery pending disposition of motion to compel arbitration); *Culverhouse v. Paulson & Co. Inc.*, Case No. 12-20695, ECF No. 43 (S.D. Fla. Sept. 14, 2012) (Cooke, J.) (granting stay discovery pending ruling on a motion to dismiss raising, *inter alia*, standing issues); *Basile v. Air Caraibes*, Case No. 10- 23632, ECF No. 12 (S.D. Fla. Dec. 10, 2010) (Cooke, J.) (granting joint motion to stay disclosures and discovery

4

pending resolution of personal jurisdiction and *forum non-conveniens* issues); *see also Gibbs v. United States*, 517 F. App'x 664, 670 (11th Cir. 2013) (upholding trial court's decision to stay all proceedings until the trial court decided on the defendant's motion to dismiss); *Abercrombie & Fitch Stores, Inc. v. Texas Fixture Installers*, Case No. 09-cv-860, 2010 WL 2465185 (M.D. Fla. Jun. 9, 2010) (granting stay of discovery on the merits of the case pending a decision on defendant's motion to dismiss for lack of personal jurisdiction and insufficiency of service of process); *Picture Patents, LLC v. Terra Holdings LLC*, 2008 WL 5099947, *1-3 (S.D.N.Y. Dec. 3, 2008) (staying discovery and all pretrial deadlines pending resolution of motion to dismiss for lack of subject matter jurisdiction). This is especially so here, where each Defendant is a foreign entity or person and the cost and burden of engaging in discovery and other litigation activity would be especially great for them—an expense that would be unnecessary if Defendants' dismissal motions were granted.

Further, Clover submits that with respect to it, the requested stay is particularly appropriate because if Plaintiff has not properly served Clover with process, Clover is not a proper party to this action and cannot be compelled to engage in the litigation process or answer party discovery. *See Horne v. Winn Dixie Inc.*, Case No. 06-cv-1068, 2006 WL 3841798 at *1 (M.D. Fla. Dec. 11, 2006) (denying plaintiff's request for discovery because "Plaintiff has not served the Defendants with a summons and thus, Plaintiff is premature in seeking discovery from Defendants"); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served

5

must appear and defend."). And Clover may never be a party to this action if Plaintiff is ultimately unsuccessful in serving Clover under the Hague Convention. Clover submits that it should not have to bear the expense of engaging in discovery and defending against Plaintiff's claim under the current schedule unless and until the Court determines that service was proper.

The Parties further agree that none of them will be prejudiced if the Court grants the requested stay until its rules on the service of process and personal jurisdiction issues. The Parties' joint request for a stay is merely one of timing and sound case management. If Defendants' motions to dismiss are denied, the Parties will then, as directed by the Court, work together to expeditiously complete discovery and other pre-trial matters. Conversely, if this case is dismissed for lack of personal jurisdiction, all parties will have been spared the unnecessary expenditure of time and resources, and the Court will be spared the burden of addressing any disputes that may arise prior to its ruling on the motions to dismiss.

## **CONCLUSION**

For the foregoing reasons, the Court should grant this Joint Motion, enter an Order staying all pre-trial deadlines pending disposition of Defendants' dismissal motions, and award such other relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ John F. O'Sullivan*
John F. O'Sullivan
Fla. Bar No. 143154
Allen P. Pegg
Fla. Bar No. 597821
Jason D. Sternberg
Fla. Bar No. 72887
HOGAN LOVELLS US LLP
600 Brickell Ave., Suite 2700
Miami, FL 33131
Telephone:  (305) 459-6500
Facsimile:  (305) 459-6550
john.osullivan@hoganlovells.com
allen.pegg@hoganlovells.com
jason.sternerg@hoganlovells.com

*Counsel for Defendant Clover Holdings Limited Partnership*

By: */s/ Brady J. Cobb*
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com

Evan Fray-Witzer (# 564349 - *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

Valentin D. Gurvits (# 643572 – *pro hac vice*)
Matthew Shayefar (# 685927 – *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802

7

vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

*Counsel for Maximum Apps, Inc. and Frederic Valiquette*

By:  */s/ Aaron Behar*
Aaron Behar
Fla. Bar No. 166286
Jaclyn Behar
Fla. Bar NO. 63833
BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida  33326
Telephone:  (954) 688-7642
Facsimile:   (954) 332-9260
ab@aaronbeharpa.com
jb@beharbehar.com

Spencer D. Freeman
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:   (253) 383-4501
sfreeman@freemanlawfirm.org

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 11, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel and that a true and correct copy was served via electronic mail on all counsel of parties of record.

By:  */s/ Allen P. Pegg*
Allen P. Pegg
Fla. Bar No. 597821
allen.pegg@hoganlovells.com