UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,

       Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

       Defendants.

_____/

### PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANTS' FAILURE TO APPEAR FOR DEPOSITION AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, Plaintiff, HYDENTRA KLP INT. LIMITED, a foreign corporation d/b/a METART, ("Plaintiff" or "Hydentra"), moves for entry of an Order sanctioning Defendants, MAXIMUM APPS INC. a foreign company d/b/a (hereinafter "Max Apps") and FREDERIC VALIQUETTE, an individual (hereinafter "Valiquette") (collectively referred to as "Defendants") for their willful failure to appear for their depositions on January 28, 2016. These sanctions include but are not limited to: (a) awarding Plaintiff's attorneys' fees and costs associated with the preparation for Defendants' deposition, traveling for the depositions, retaining of a court reporter and the filing of this motion; and (b) striking

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

1 of 9

Defendants' pleadings and entering a default judgment against Defendants under Rule 37. In support of the Motion, Plaintiff provides the following:

1.      On January 7, 2016, Plaintiff filed and duly served a notice of taking the deposition of the corporate representative of Defendant, Max Apps to take place on Thursday, January 28, 2016, at 9:00am. *A copy of the notice is attached hereto as "Exhibit A."*

2.      On January 8, 2016, Plaintiff filed and duly served a notice of taking the deposition of Defendant, Valiquette, to take place on Thursday, January 28, 2016, at 2:00pm. *A copy of the notice is attached hereto as "Exhibit B."*

3.      In between the service of Plaintiff's notices of deposition and January 28, 2016, the parties discussed the possibility of moving the Court to stay discovery until the Court determined the pending jurisdictional motions. On January 11, 2016, the parties then jointly submitted a Motion to Stay Pretrial Deadlines Pending Disposition of Defendants' Motions to Dismiss Amended Complaint [D.E. #68].

4.      While negotiating the joint filing of the Motion to Stay, counsel for Plaintiff made it clear in a January 10, 2016 email to Defendants' counsel that Plaintiff agreed with the "concept" of a stay, but "needed to issue [deposition] notices to cover our end just in case." Given that the Court's discovery cut-off was February 5, 2016, Plaintiff could not risk being foreclosed from conducting discovery. Importantly, at no time did Plaintiff's counsel communicate that it would cancel the two depositions and at no time were notices of cancelation ever served or filed. Equally as important, the Motion to Stay does not address the pending depositions nor seek any form of protection from the Court as to those depositions.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

2 of 9

5.      In between the service of Plaintiff's notices of deposition and January 28, 2016, Defendants' counsel raised absolutely no objection until the very last minute on January 27, 2016 – nearly an hour and a half before the close of business, and just hours before the depositions. At 3:23pm on January 27, 2016, Defendants' counsel sent an email to Plaintiff's counsel and indicated Defendants would not attend their deposition the following day. Defendants' counsel wrote:

> Everyone, Given the pending motion to stay and the 12(b)(6) motions, my clients will not be appearing for depositions tomorrow. We will reschedule and/or address the depositions once the aforementioned depositions are ruled upon.

6.      The tone of the January 27th email demonstrates the message was not a "confirmation" of a prior agreement that the depositions were cancelled. Rather, the email makes clear this is the very first communication indicating that Defendants would fail to appear for their duly noticed depositions.

7.      The corporate representative for Max Apps was given 21-days notice for his deposition, and Mr. Valiquette was provided 20-days notice before his deposition. Despite the ample notice, Defendants failed to file a Motion for Protective Order (or any emergency motion for relief for that matter) prior to the depositions or take any affirmative steps to protect them from their obligations to appear for deposition.

8.      Instead, Defendants' waited until the last minute to notify Plaintiff's and its counsel of the unilateral cancelation and refusal to appear. Unfortunately, because of the late notification, Plaintiff's counsel and expert witness were already on a flight from Washington and Arizona, respectively, to attend these depositions.[1]

---

[1] Counsel for Defendants knew that Plaintiff's counsel and expert would be traveling from out of state to attend these depositions. Just days prior to the scheduled depositions, on January 18th and 19th, Defendants' counsel and Plaintiff's counsel and expert sat in

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

3 of 9

9.     In response to the January 27th email at 3:23pm, Plaintiff's counsel, Mr. Behar, corresponded with Defendants' counsel at 3:36pm and indicated, "absent a court order on any of the pending motions, there is no legal basis to fail to appear for deposition. . . . We plan on appearing tomorrow morning for the 2 depos that are set. . . ."

10.     Consistent with Defendants' threats, Max Apps and Mr. Valiquette failed to appear for their depositions on January 28th. Accordingly, Plaintiff secured a Certificate of Non-Appearance for the Max App corporate representative and Mr. Valiquette, which are *attached hereto as Exhibits C and D, respectively.*

11.     As a result of Defendants' violations of their duties to appear for depositions, Plaintiff requests this Court enter an Order as follows:

    a.  Award Plaintiff its costs incurred by having its counsel travel from Seattle to Miami, hotel expenses, court reporter expenses and all other associated costs incurred; as well as award Plaintiff its attorneys' fees for having its counsel prepare for, travel to and appear for depositions, and in the preparation of this Motion.

    b.  Strike Defendants' pleadings and enter a default judgment in Plaintiff's favor;

    c.  Alternatively, in the event the Court does not award the relief requested in (b), Plaintiff requests the following relief:

        i.  Directing that the matters embraced in the 30(b)(6) notice and operative Complaint be taken as established for purposes of the action;

        ii.  Prohibiting the corporate representative for Max Apps (and all other corporate witnesses) from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

---

another deposition together (in a separate matter) where it was clearly communicated that they traveled from out of state to be there.

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

4 of 9

      iii.      Treat as contempt of court Defendants' failure to obey the notice of deposition;

    d.    Alternatively, should the Court deny the relief requested in (b) and (c), then Plaintiff requests entry of an Order requiring the corporate representative for Max Apps and Mr. Valiquette to appear in person for deposition within 10 days of the Court's Order, failure of which will result in the striking of their pleadings.

12.    Counsel for Plaintiff has conferred with counsel for Defendants, Brady J. Cobb, Esq., and represents that Mr. Cobb *opposes* the relief requested herein.

**WHEREFORE,** Plaintiff respectfully requests this Court enter an Order consistent with the relief requested in the preceding paragraph, and take all further action the Court deems appropriate and necessary under the circumstances.

## <u>MEMORANDUM OF LAW</u>

Federal Rule of Civil Procedure Rule 37(d) governs the failure to permit discovery and resulting sanctions. Rule 37(d) addresses a party's failure to attend its own deposition and provides that the Court may order sanctions if:

> (i) a party or a party's officer, director, or managing agent--or a person designated under Rule 30(b)(6) or 31(a)(4)--fails, after being served with proper notice, to appear for that person's deposition. . . .

Pursuant to Rule 37(d)(3), the Court may impose a variety of sanctions set forth in Rule 37(b)(2)(A)(i) – (iv), and *must* require the Defendants to pay the reasonable expenses, including attorneys' fees, caused by their failure to appear for deposition. The Rule provides:

> (3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, *the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable*

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

5 of 9

*expenses, including attorney's fees, caused by the failure*, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

The sanctions this Court can impose under Rule 37 (b)(2)(A)(i)-(vi) include:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) **striking pleadings** in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) **rendering a default judgment** against the disobedient party; or

(vii) treating as **contempt** of court the failure to obey any order except an order to submit to a physical or mental examination.

"[T]he court may safely rely on its inherent power in imposing appropriate sanctions" which "may be set at a level sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." *See Clinton v. Jones*, 520 U.S. 681, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997).

While the parties had jointly moved for a stay of the Court's deadlines, the Court never ruled upon that Motion and it would be entirely inappropriate for the parties to substitute their own judgment for that of the Court or to assume the Court would grant any of the relief requested. The filing of the Motion to Stay is akin to the filing of a motion for protective order from the deposition that has not been ruled upon – such motion has no effect on the deposition. "[T]he mere filing of a motion for protective order does not discharge a deponent from appearing for his deposition." *Girard v. Aztec*

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

6 of 9

*RV Resort, Inc.*, 2011 U.S. Dist. LEXIS 155271, *14 (S.D. Fla. Oct. 6, 2011). As the

Central District of California noted in a recent discussion of the case law in other

jurisdictions on the matter:

> Unless a party or witness files a motion for a protective order and seeks and
> obtains a stay ***prior*** to the deposition, a party or witness has no basis to
> refuse to attend a properly noticed deposition. See *Pioche Mines Consol.,
> Inc. v. Dolman, 333 F. 2d 257, 269 (9th Cir. 1964)* cert. denied, *380 U.S.
> 956, 85 S. Ct. 1081, 13 L. Ed. 2d 972* and cert. denied, *380 U.S. 956, 85 S.
> Ct 1082, 13 L. Ed. 2d 972 (1965).* ("Counsel's view seems to be that a party
> need not appear if a motion under Rule 30(b), F.R.Civ.P. [now 26(c)] is on
> file, even though it has not been acted upon. Any such rule would be an
> intolerable clog upon the discovery process. Rule [26(c)] places the burden
> on the proposed deponent to get an order, not just to make a motion. And if
> there is not time to have his motion heard, the least that he can be expected
> to do is to get an order postponing the time of the deposition until his
> motion can be heard."); 8A Wright, Miller & Marcus, <u>Federal Practice and
> Procedures</u> § 2035, at 151-52 (3d ed. 2010) ("At least with regard to
> depositions, the [protective] order should ordinarily be obtained before the
> date set for the discovery, and failure to move at that time has been held to
> preclude objection later[.]") (footnote omitted); Schwarzer, Tashima &
> Wagstaffe, Cal. Practice Guide: Fed. Civ. Pro. Before Trial ¶ 11:1166 (The
> Rutter Group 2010) ("A party served with a deposition notice or discovery
> request must obtain a protective order (e.g., a *stay* of the deposition pending
> hearing on the motion) *before the date set* for the discovery response or
> deposition. The mere fact that a motion [*12] for protective order is pending
> does not itself excuse the subpoenaed party from making discovery [.]")
> (italics in original); *Koninklike Philips Elec. N.V. v. KXD Tech., Inc., 2007
> U.S. Dist. LEXIS 77894, 2007 WL3101248, at *18 (D. New. 2007)*, appeal
> dismissed, *539 F. 3d 1039 (9th Cir. 2008)* ("Absent a protective order or an
> order staying the deposition, the party, including its officers or Rule
> 30(b)(6) deponents, is required to appear for a properly noticed
> deposition."); see also *Albert v. Starbucks Coffee Co., 213 F.App'x 1, 1
> (D.C. Cir.), cert. denied, 551 U.S. 1118, 127 S. Ct. 2944, 168 L. Ed. 2d 270
> (2007)* (unpublished per curiam order) ("Appellant cites no supporting
> authority for the proposition that the mere filing of a motion for protective
> order *requires* the court to excuse a party's failure to obey a court order
> compelling attendance at a deposition. Indeed, the published authority
> addressing the issue suggests the contrary.") (italics in original).

*In re Toys 'R Us US-Delaware, Inc.*, 2010 U.S. Dist. LEXIS 130884, *10-11 (C.D. Cal.

July 29, 2010). Clearly, Defendants are required to attend their depositions absent a court

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

7 of 9

order to the contrary.

Here, Defendants failed to seek a protective order and instead only sought a stay of the Court's deadlines. Such can hardly be said to protect any party from their obligations to comply with discovery and appear for their depositions. Accordingly, Plaintiff's depositions should have continued as scheduled absent a court order to the contrary. Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders. *Zornes v. Specialty Indus.*, 1998 U.S. App. LEXIS 31686, *15 (4th Cir. Dec. 21, 1998). These sanctions include the authority to enter default judgment for failure of a party to comply with its orders or rules of procedure. *Girard*, 2011 U.S. Dist. LEXIS 155271 at 14. The purpose of Rule 37(d) is not served by excusing Defendants' blatant disregard of a properly noticed deposition and of Plaintiff's right to engage in discovery. Moreover, Plaintiff should not have to bear the financial burden of preparing for a deposition, traveling to that deposition, and hiring a court reporter, only to have Defendants refuse to attend their own deposition.

Therefore, this Court should enter an Order as set forth in the above WHEREFORE clause.

## <u>CERTIFICATION OF 7.1 CONFERENCE</u>

Counsel for Plaintiff has conferred with counsel for Defendants, Brady J. Cobb, Esq., and represents that Mr. Cobb *opposes* the relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of February, 2016 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: John F. O'Sullivan, Esq., Allen P. Pegg, Esq., Brady J. Cobb, Esq., and also to: Evan Fray-Witzer, Esq. Valentin Gurvits, Esq.; and Matthew Shayefar, Esq.

Respectfully submitted,

*/s/Aaron  Behar, Esq.*
Aaron Behar, Esq.
Florida Bar No.: 166286
*/s/Jaclyn Behar, Esq.*
Jaclyn Behar, Esq.
Florida Bar No.: 063833
BeharBehar
1840 North Commerce Parkway
Suite 1
Weston, Florida 33326
Telephone:  (954) 688-7642
Facsimile: (954) 332-9260
E-mail: ab@beharbehar.com
          jb@beharbehar.com
*Counsel for Plaintiff*


*/s/Spencer D. Freeman, Esq.*
Spencer D. Freeman, Esq.
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:  (253) 383-4501
E-mail:
sfreeman@freemanlawfirm.org
*Counsel forPlaintiff (Pro Hac Vice)*

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,

      Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

      Defendants.

_____/

## NOTICE OF TAKING DEPOSITION
## OF CORPORATE REPRESENTATIVE DUCES TECUM
## PURSUANT TO F.R.C.P. 30(b)(6)

**PLEASE TAKE NOTICE** that the undersigned will take the video deposition of:

**DEPONENT:**       **Corporate Representative of:**
                         **Max Apps Inc. to be deposed on the issues**
                         **contained within the attached Exhibit "A".**

**DATE:**           **Thursday, January 28, 2016**

**TIME:**            **9:00am**

**PLACE:**         **Bryn & Associates, P.A.**
                         **One Biscayne Tower, 2 South Biscayne Blvd., #2680**
                         **Miami, Florida 33131**

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642   F: 954-332-9260   W: BeharBehar.com

1 of 5

Upon oral examination before **UNIVERSAL COURT REPORTING**, or any other Notary Public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed.

The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Court, Rules 1.280, 1.310, 1.350, 1.360, 1.380 and 1.410.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of January, 2016 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  John F. O'Sullivan, Esq., Allen P. Pegg, Esq. and Jason D. Sternberg, Esq., *Counsel for Clover Holdings Limited Partnership*; Brady J. Cobb, Esq., *Counsel for Maximum Apps Inc. d/b/a Sex.Com and Frederic Valiquette*; and also to: Evan Fray-Witzer, Esq. Valentin Gurvits, Esq.; and Matthew Shayefar, Esq.

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By:     */s/Aaron Behar, Esq.*
Aaron Behar, Esq.
Florida Bar No.: 166286
*/s/Jaclyn Behar, Esq.*
Jaclyn Behar, Esq.
Florida Bar No.: 63833
***Counsel for Plaintiff***

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

2 of 5

\

And:  */s/Spencer D. Freeman, Esq.*
Spencer D. Freeman, Esq.
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:  (253) 383-4501
E-mail: sfreeman@freemanlawfirm.org
***Counsel for Plaintiff (Pro Hac Vice)***

BeharBehar ♦ 1840 North Commerce Parkway ♦ Suite One ♦ Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

3 of 5

# EXHBIIT "A"

1.     Pertaining to videos and photographs (including still photographs) uploaded on Sex.Com the specific information collected from the uploader and the manner, location, and parameters that the information is stored and maintained.

2.     Pertaining to videos and photographs (including still photographs) uploaded on Sex.Com the entire process that a potential uploader must go through in order to upload a video on the web site(s).

3.     Pertaining to videos and photographs (including still photographs) uploaded on Sex.Com all software used to complete the process of receiving the upload through public display on the web sites.

4.     Pertaining to videos and photographs (including still photographs) uploaded on Sex.Com the process for a video and/or photograph (including still photographs) to be reviewed by Max Apps Inc., or any agent therefore, before being displayed on the web site(s).

5.     Pertaining to videos and photographs (including still photographs) uploaded on Sex.Com all software used to keep track of videos and/or photographs (including still photographs) posted by each user, the full functionality of the software, who authored the software, when the software was first utilized by Max Apps, Inc. on the web site.

6.     All persons and processes involved in implementing repeat infringer policy, including but not limited to who reviews take down notices to determine whether discipline necessary, who determines discipline, who implements discipline, the procedure for implementing discipline, and if the discipline is implemented electronically the software used to implement the discipline and all data associated with the implementation of the discipline.

7.     Identification of independent contractors used by Max Apps, Inc. for any tasks on Sex.Com.

8.     Identification of programmers utilized by Max Apps, Inc. for any aspect of Sex.Com.

9.     All persons and processes involved in receipt of take down notices and responding to take down notices.

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642      F: 954-332-9260      W: BeharBehar.com

4 of 5

10.     Identification of all owners and/or shareholders of Max Apps, Inc. both current and from inception of the company, including names, roles, and current contact information.

11.     Identification of all debt incurred by Max Apps, Inc., both current and from the inception of the company, including to whom the debt is owed, for what the debt was incurred, and the terms of the debt.

12.     Identification of advertisers for Sex.com, including the contractual obligations of Max Apps, Inc. and the advertisers.

13.     All allegations in Plaintiff's Complaint.

14.     All defenses raised in response to Plaintiff's Complaint.

15.     The factual basis for the parts of Plaintiff's Complaint that Max Apps, Inc. denies.

16.     The factual basis for each affirmative defense that Max Apps, Inc. intends to/has assert(ed).

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

5 of 5

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,

      Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

      Defendants.
_____/

## <u>NOTICE OF TAKING DEPOSITION – FREDERIC VALIQUETTE</u>

**PLEASE TAKE NOTICE** that the undersigned will take the video deposition of:

| | |
|---|---|
| **DEPONENT:** | **Frederic Valiquette** |
| **DATE:** | **Thursday, January 28, 2016** |
| **TIME:** | **2:00pm** |
| **PLACE:** | **Bryn & Associates, P.A.**<br>**One Biscayne Tower, 2 South Biscayne Blvd., #2680**<br>**Miami, Florida 33131** |

BeharBehar • 1840 North Commerce Parkway • Suite One • Weston, Florida 33326
T: 954-688-7642     F: 954-332-9260     W: BeharBehar.com

1 of 3

Upon oral examination before **UNIVERSAL COURT REPORTING**, or any other Notary Public or officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed.

The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Rules of Court, Rules 1.280, 1.310, 1.350, 1.360, 1.380 and 1.410.

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 7th day of January, 2016 we electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:  John F. O'Sullivan, Esq., Allen P. Pegg, Esq. and Jason D. Sternberg, Esq., *Counsel for Clover Holdings Limited Partnership*; Brady J. Cobb, Esq., *Counsel for Maximum Apps Inc. d/b/a Sex.Com and Frederic Valiquette*; and also to: Evan Fray-Witzer, Esq. Valentin Gurvits, Esq.; and Matthew Shayefar, Esq.

Respectfully submitted,

BeharBehar
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
E-mail: AB@BeharBehar.com

By:　　*/s/Aaron Behar, Esq.*
　　　　Aaron Behar, Esq.
　　　　Florida Bar No.: 166286
　　　　*/s/Jaclyn Behar, Esq.*
　　　　Jaclyn Behar, Esq.
　　　　Florida Bar No.: 63833
　　　　***Counsel for Plaintiff***

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642    F: 954-332-9260    W: BeharBehar.com

2 of 3

And: */s/Spencer D. Freeman, Esq.*
Spencer D. Freeman, Esq.
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone:  (253) 383-4500
Facsimile:  (253) 383-4501
E-mail: sfreeman@freemanlawfirm.org
***Counsel for Plaintiff (Pro Hac Vice)***

BeharBehar ◆ 1840 North Commerce Parkway ◆ Suite One ◆ Weston, Florida 33326
T: 954-688-7642 F: 954-332-9260 W: BeharBehar.com

3 of 3

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,,

       Plaintiff,
vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and JOHN DOES 1-20,

       Defendants.

CERTIFICATE OF NON-APPEARANCE

    I, Jessica Gill, duly designated to take the
deposition of the witness:

CORPORATE REPRESENTATIVE OF
MAXIMUM APPS INC.

in the Notice of Taking Deposition heretofore filed,
hereby declare that said witness did not appear before me
at: Bryn & Associates, P.A., One Biscayne Tower, 2 South
Biscayne Boulevard, Suite 2680, Miami, Florida, 33131; on
the 28th day of January, 2016; by 2:30 p.m.
    Under penalties of perjury, I declare that the facts
stated in the foregoing certificate are true. Dated this
28th day of January, 2016.



Jessica Gill, Court Reporter
Notary Public, State of Florida
Notary Commission No: FF 245119
Notary Commission Exp: 10/11/2017



877.291.3376
www.UCRinc.com

# EXHIBIT "D"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,,

       Plaintiff,
vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and JOHN DOES 1-20,

       Defendants.


CERTIFICATE OF NON-APPEARANCE

    I, Jessica Gill, duly designated to take the
deposition of the witness:

FREDERIC VALIQUETTE

in the Notice of Taking Deposition heretofore filed,
hereby declare that said witness did not appear before me
at: Bryn & Associates, P.A., One Biscayne Tower, 2 South
Biscayne Boulevard, Suite 2680, Miami, Florida, 33131; on
the 28th day of January, 2016; by 2:30 p.m.
    Under penalties of perjury, I declare that the facts
stated in the foregoing certificate are true. Dated this
28th day of January, 2016.



_____
Jessica Gill, Court Reporter
Notary Public, State of Florida
Notary Commission No: FF 245119
Notary Commission Exp: 10/11/2017



**UNIVERSAL**
**COURT REPORTING**

877.291.3376
www.UCRinc.com