**From:** Pegg, Allen P. [mailto:allen.pegg@hoganlovells.com]
**Sent:** Wednesday, January 27, 2016 9:31 PM
**To:** 'Brady Cobb' <bcobb@CobbEddy.com>; Spencer Freeman <sfreeman@freemanlawfirm.org>; Evan Fray-Witzer <Evan@cfwlegal.com>
**Cc:** Aaron Behar <ab@beharbehar.com>; O'Sullivan, John F. <john.osullivan@hoganlovells.com>; Sternberg, Jason D. <jason.sternberg@hoganlovells.com>; Jason Holman <jh@beharbehar.com>
**Subject:** RE: Activity in Case 1:15-cv-22463-MGC Hydentra HLP Int. Limited v. Maximum Apps Inc. et al Witness List


Spencer and Aaron,

Sorry for weighing in a bit late on this, but I was traveling today and then needed some time to review things and come up to speed.   I have the following observations, and would suggest that we all (you two, Evan, Brady, and me) get on a call when possible tomorrow to discuss a path forward.

First, none of the counsel for Clover had these depositions on our calendars.   I now understand why this likely is the case: although we have three lawyers on this file, all of whom the COS on the Clover notice says were being served with the notice, that was not infact done.   Rather, only I appear to have been served with the notice, and I have no recollection of that and apparently did not forward to the team.   Thus, you did not serve who should have been served.   Please be sure all counsel who have appeared forClover are properly served for all future items of service.

Second, I emailed you, Spencer, on January 15, letting you know that as set out in Clover's pending MTD, Clover's position is that due to the jurisdictional and service problems present here, Clover is not a proper defendant in this action and thus should not be obligated in any way to participate in this proceeding as it is essentially a non-party.   You wrote back that you "understood."   Given this agreement, I would imagine you are not taking the position that Clover would be obligated to appear on Friday, but please let me know.

Third, Clover is neither a Florida company nor does it have its principal place of business in Florida.   And Clover obviously has not availed itself of the power of this jurisdiction through the assertion of a counterclaim.   Given these facts, if any deposition were to occur, you would need to travel to Clover's representative, rather than vice versa, so the notice, which purports to require such appearance in this district, is facially invalid.

Fourth, the notices actually preceded our filing of a Joint Motion to Stay All Discovery.   Thus, in all events, I think the position taken inthat motion would supersede any apparently earlier-issued discovery notices.

As mentioned, these are my initial observations on what's transpired today.   Are you two, Evan, and Brady available for a call tomorrow around 9/9:15am?

Allen P. Pegg
Hogan Lovells US LLP
allen.pegg@hoganlovells.com
(305) 459-6641