**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

HYDENTRA HLP INT. LIMITED,
a foreign corporation d/b/a METART

    Plaintiff,

v.

MAXIMUM APPS INC., a foreign company
d/b/a SEX.COM, CLOVER HOLDINGS
LIMITED PARTNERSHIP, a foreign
company, d/b/a SEX.COM; SEX.COM;
FREDERIC VALIQUETTE, an individual,
and; John Does 1-20,

    Defendants.

**Case No.**
**1:15-cv-22463-MGC**

**DECLARATION OF EVAN FRAY-WITZER**
**IN SUPPORT OF**
**OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS**

I, Evan Fray-Witzer, do declare and state as follows:

1.      I am an attorney licensed to practice law in the state and federal courts of the

Commonwealth of Massachusetts and the State of New Hampshire.  I am also admitted to the

First Circuit Court of Appeals, the Ninth Circuit Court of Appeals, and the United States

Supreme Court bar.  I am admitted *pro hac vice* in the above captioned matter as counsel for

Defendants Maximum Apps Inc. and Mr. Frederic Valiquette.  I have personal knowledge of the

facts stated herein.  If called upon to do so, I could and would testify to the truth hereof.

2.      Attached hereto as Exhibit 1 is a true and correct copy of an email that I sent to

counsel for Plaintiff Hydentra HLP Int. Limited on November 18, 2015.  In that email, I

explained to Plaintiff's counsel why the Maximum Defendants could not appear within the

jurisdiction until such time as the Court had decided the Defendants' Motion to Dismiss on Jurisdictional grounds.

      3.      Despite being counsel of record in this case and despite what the Plaintiff's certificates of service state, the Plaintiff did not actually serve me with notices of deposition for any of the Defendants in this matter.

      4.      I understood the deposition notices sent by the Plaintiff to simply be placeholders in case the parties were unable to reach agreement on the Joint Motion to Stay, as well as to provide the Plaintiff with a reasonable argument that it should be permitted to take depositions at a later date if for some reason the Court were to deny the parties' Joint Motion to Stay.

      5.      Given the ongoing communications between the parties and the content of the filed Joint Motion to Stay pre-trial deadlines, however, I did not believe or expect that the noticed depositions (even had I been properly served with them) would occur, nor did I believe that Plaintiff thought that such depositions would occur as originally (and improperly) noticed.

      6.      Had I actually believed that the Plaintiff intended the deposition notices to signify that depositions were to occur in Florida on the dates indicated, I would have informed the Plaintiff: (a) that the law clearly required any depositions to occur where the defendants live or reside, which is Canada, (b) that I was previously scheduled for an all-day mediation on the date indicated which could not be moved, (c) that the notices were superseded by the parties' Joint Motion to Stay, (d) that the Defendants could not risk that the Plaintiff would attempt to serve them if they came into the jurisdiction, and (e) that the Defendants would file for a protective order if the Plaintiff insisted that the depositions should occur before the Court decided the Motions to Dismiss.

7.     Approximately one week before the originally noticed deposition dates, I was informed by Attorney Brady Cobb that the noticed depositions in *this* case had been discussed at the end of a deposition he attended in a different case.  Attorney Cobb informed me that the Plaintiff understood the depositions would not be going forward and that Plaintiff's counsel intended to call him to discuss the matter.

8.     On January 27, 2016, Attorney Cobb told me he was going to send an email to Plaintiff's counsel confirming that the depositions were not proceeding on the originally scheduled dates.

9.     When I saw Attorney Spencer Freeman's response – indicating that he was already en route to Florida – I actually thought that he was simply joking with us and I emailed him to that effect.  A true and correct copy of that correspondence is attached hereto as Exhibit 2.

10.    In almost 23 years of practice, I cannot recall a single instance in which counsel did not confirm with one another that a deposition was proceeding as initially scheduled in the days before a deposition occurred, much less so in a situation where the parties had already agreed that discovery should be stayed.  This has held true for depositions where counsel are just blocks away from one another.  The idea that an attorney might get on a plane to fly across the country to attend an unconfirmed deposition honestly never crossed my mind.

11.    After Attorney Freeman responded to my email, I immediately thereafter spoke with him by phone and suggested that he might still be able to return home from his layover in Dallas.  Attorney Freeman said that he would continue on to Florida and that, while Attorney Behar might choose to conduct the depositions for the sole purpose of putting the non-attendance on the record, the parties would nonetheless "figure it out."

3

12.     When I learned on February 9, 2016 that Plaintiff intended to file a motion for sanctions against the Maximum Defendants, I called and emailed Attorney Freeman on February 9, 2016, requesting a return call so that I could attempt to outline the Maximum Defendants' position on the matter.  Attorney Freeman did not respond to those messages.  I do understand, however, that Attorneys Cobb and Behar spoke prior to the Plaintiff filing its motion and that Attorney Cobb (correctly) informed Attorney Behar that the Maximum Defendants did not agree to the relief sought.

Signed under the pains and penalties of perjury, this 17th day of February, 2016.


Evan Fray-Witzer, Esq.

# Exhibit
# 1

## MEDIATION: Clover Holdings

**Evan Fray-Witzer** <Evan@cfwlegal.com>                    Wed, Nov 18, 2015 at 6:44 AM
To: Aaron Behar <ab@beharbehar.com>
Cc: Brady Cobb <bcobb@cobbeddy.com>, Christine Spire <cs@beharbehar.com>, Matthew Shayefar
<matt@bostonlawgroup.com>, Val Gurvits <vgurvits@bostonlawgroup.com>, "Pegg, Allen P."
<allen.pegg@hoganlovells.com>, "O'Sullivan, John F." <john.osullivan@hoganlovells.com>, Spencer Freeman
<sfreeman@freemanlawfirm.org>, Jason Holman <jh@beharbehar.com>

Hi Aaron –

Yes.  Our clients can be available on either March 1 or 2.

I did want to make a couple of things clear, though, simply because I didn't want them to be a surprise
if/when I raise them later.  First, we will likely ask in any event that the clients be allowed to attend the
mediation via Skype so that they're not required to travel for it.  And, if the Court hasn't ruled on our motions
to dismiss by the mediation date, we would certainly not be willing to have the clients travel to Florida while
the jurisdictional issues are still pending.

There's no reason we need to deal with these issues now, but I didn't want my silence on the matter to be
mistaken for some sort of representation that the clients would be traveling to Florida for the mediation.

Evan

_____

Evan Fray-Witzer

Ciampa Fray-Witzer, LLP

20 Park Plaza, Suite 505

Boston, MA 02116

(617) 426-0000

(617) 507-8043 (facsimile)

Evan@CFWLegal.com

# Exhibit
# 2

**From:** Spencer Freeman [mailto:sfreeman@freemanlawfirm.org]
**Sent:** Wednesday, January 27, 2016 3:43 PM
**To:** Evan Fray-Witzer
**Cc:** Brady Cobb; Pegg, Allen P.; Aaron Behar; O'Sullivan, John F.; Sternberg, Jason D.
**Subject:** Re: Activity in Case 1:15-cv-22463-MGC Hydentra HLP Int. Limited v. Maximum Apps Inc. et al Witness List

Not kidding. I am in Dallas connecting to Miami.

Sent from my iPhone

On Jan 27, 2016, at 2:40 PM, Evan Fray-Witzer <Evan@cfwlegal.com> wrote:

> Spencer
>
> Please tell me that you are kidding.
>
> Evan
>
>
>
> Sent from my Verizon Wireless 4G LTE smartphone
> -------- Original message --------
> From: Spencer Freeman <sfreeman@freemanlawfirm.org>
> Date: 1/27/2016 3:27 PM (GMT-05:00)
> To: Brady Cobb <bcobb@cobbeddy.com>
> Cc: "Pegg, Allen P." <allen.pegg@hoganlovells.com>, Aaron Behar <ab@beharbehar.com>,
> "O'Sullivan, John F." <john.osullivan@hoganlovells.com>, "Sternberg, Jason D."
> <jason.sternberg@hoganlovells.com>,evan@cfwlegal.com>
> Subject: Re: Activity in Case 1:15-cv-22463-MGC Hydentra HLP Int. Limited v. Maximum
> Apps Inc. et al Witness List
>
> Man....I wish you had told me that before I flew out to Florida
>
> Sent from my iPhone
>
> On Jan 27, 2016, at 2:23 PM, Brady Cobb <bcobb@cobbeddy.com> wrote:
>
>> Everyone
>>
>> Given the pending motion to stay and the 12(b)(6) motions, my clients will not
>> be appearing for depositions tomorrow. We will reschedule and/or address the
>> depositions once the aforementioned depositions are ruled upon
>>
>> Brady J. Cobb, Esquire
>> Cobb Eddy, PLLC
>> 642 Northeast 3rd Avenue
>> Fort Lauderdale, Florida 33304
>> 954-527-4111 (office)
>> 954-900-5507 (facsimile)
>> www.cobbeddy.com

Sent from my iPhone