**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation d/b/a METART<br><br>    Plaintiff,<br><br>v.<br><br>MAXIMUM APPS INC., a foreign company d/b/a SEX.COM, CLOVER HOLDINGS LIMITED PARTNERSHIP, a foreign company, d/b/a SEX.COM; SEX.COM; FREDERIC VALIQUETTE, an individual, and; John Does 1-20,<br><br>    Defendants. | Case No.<br>1:15-cv-22463-MGC |

**MAXIMUM APPS, INC. AND FREDERIC VALIQUETTE'S**
***EMERGENCY* MOTION TO DELAY MEDIATION (WITHIN**
**EXISTING MEDIATION DEADLINE) OR, IN THE ALTERNATIVE**
**TO ALLOW DEFENDANTS TO APPEAR AT MEDIATION VIA SKYPE**

The present motion seeks to delay the Court-ordered mediation in this case, currently scheduled for March 2, 2016, or to allow the foreign defendants to participate in the mediation via Skype, so as not to require them to come into the jurisdiction while their Motions to Dismiss for Lack of Personal Jurisdiction remain pending.  Although there remains five weeks before the Court's original deadline for the parties to participate in mediation expires, the Plaintiff has rejected these common-sense proposals, necessitating the present emergency motion.

Accordingly, Maximum Apps, Inc. ("Maximum") and Frederic Valiquette ("Mr. Valiquette) (collectively, the "Maximum Defendants") respectfully move that this Court issue an Order that either: (a) instructs the parties to select a new date for mediation towards the end of March (assuming that the Court will be able to decide the outstanding Motions to Dismiss before

1

that date); (b) permits the parties to appear at the mediation on the currently-scheduled date via Skype; or (c) delays the mediation indefinitely until such time as the Court has decided the jurisdictional issue.

The Plaintiff has rejected each of these proposals, necessitating the present motion. In support of this Motion, Defendants Maximum Apps Inc. and Frederic Valiquette (collectively, the "Maximum Defendants") state as follows.

### RELEVANT PROCEDURAL HISTORY

On June 30, 2015, Plaintiff filed the present action against three foreign defendants: Maximum Apps Inc., a limited company incorporated and operating under the laws of Canada; Frederic Valiquette, a Canadian resident; and Clover Holdings Limited Partnership ("Clover"), a company incorporated in Saint Vincent and the Grenadines;

On September 21, 2015, the Maximum Defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction, arguing that they do not have sufficient contacts with the United States or the State of Florida to be subject to this lawsuit. (ECF No. 21). That motion, is fully briefed and awaiting the Court's ruling. (ECF Nos. 48, 64).

On October 5, 2015, this Court issued its Order Setting Civil Trial Date and Pretrial Deadlines. (ECF No. 46). ***This Order provided for the parties to engage in mediation by April 1, 2016.***

On November 18, 2015, in discussing the Court-ordered mediation, the parties agreed upon potential dates and a mediator. However, so as not to mislead the Plaintiff in any way, counsel for the Maximum Defendants specifically wrote to Plaintiff, stating:

> I did want to make a couple of things clear, though, simply because I didn't want them to be a surprise if/when I raise them later. First, we will likely ask in any event that the clients be allowed to attend the mediation via Skype so that they're not required to travel for it. **And, if the Court hasn't ruled on our motions to**

2

> **dismiss by the mediation date, we would certainly not be willing to have the clients travel to Florida while the jurisdictional issues are still pending.**
>
> There's no reason we need to deal with these issues now, but I didn't want my silence on the matter to be mistaken for some sort of representation that the clients would be traveling to Florida for the mediation.

*See* **Exhibit 1** (emphasis added).

On November 19, 2015, this Court entered an order adopting the parties' selection of March 2, 2016 as the mediation date. (ECF No. 66). On January 11, 2016, the Parties filed with this Court a Joint Motion to Stay Pretrial Deadlines which provided, *inter alia*, that:

> The Parties submit that there is good cause for the requested stay, because the personal jurisdiction issues raised in the motions to dismiss are potentially case-dispositive. …This is especially so here, because all the Defendants are located in foreign countries and requiring them to engage in costly international discovery and other litigation process in a matter over which this court may lack jurisdiction would do "nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, [and] squander scarce judicial resources." (citations omitted)

(ECF No. 68, p. 2).

The Parties' Joint Motion to Stay Pretrial Deadlines also remains pending.

## ARGUMENT

I. The Maximum Defendants Should Not Be Required To Come Into The Jurisdiction While Their Motion to Dismiss Remains Pending.

The Maximum Defendants have asserted in this litigation that they are not subject to personal jurisdiction in this Court inasmuch as they do not have sufficient contacts with either Florida or the United States for constitutional due process requirements to be met. It is, of course, possible for a plaintiff to obtain personal jurisdiction by serving a defendant physically present within the jurisdiction. *See SPM Thermo-Shield, Inc. v. SICC, GmbH*, 2015 U.S. Dist. LEXIS 153859, 5-7 (M.D. Fla. Nov. 13, 2015) ("As a general rule, Florida courts have personal jurisdiction over nonresidents when that nonresident is properly served with service of process

3

while voluntarily present in the state.… So-called 'tag jurisdiction' also satisfies the Fourteenth Amendment's due process requirements because 'jurisdiction based on physical presence alone ... is one of the continuing traditions of our legal system that define the due process standard of traditional notions of fair play and substantial justice.'").

Although it is true that such service is improper if the Defendant was lured into the jurisdiction under false pretenses (*id.*), the Defendants should not be put to the Hobson's choice of appearing within the jurisdiction and risking being served by the Plaintiff,[1] by other clients represented by Plaintiff's counsel,[2] or by other putative plaintiffs.

In addition, the Maximum Defendants contend that the parties cannot properly evaluate their positions relative to settlement until such time as the Court has resolved the pending motions to dismiss. This, too, counsels in favor of a delay of the mediation.

II. This Court Has Previously Approved Parties' Appearances at Mediation Via Skype.

In an almost identical situation, this Court has approved the appearance at mediation by foreign defendants via Skype. In *Pearson Education, Inc. v. Hotfile Corp.,* Case No.: 14-20200-CIV (S.D. Fla.), the foreign defendants (who were represented by the undersigned counsel) similarly moved for leave to appear at mediation via Skype. There, as here, the Defendants argued both that they should not be required to enter the jurisdiction while their motion to dismiss for lack of personal jurisdiction was pending and also that they should not be required to expend the financial resources necessary to fly to Florida, where the mediation could as easily be

---

[1] The Plaintiff did agree to discuss an agreement that it would not serve the defendants with process if they appeared in Florida for a mediation. Nevertheless, even if the Plaintiff could be taken at its word, it cannot agree that no other putative plaintiff would attempt to serve the Maximum Defendants with process were they to come into the jurisdiction.
[2] On January 19, 2016, the Plaintiff utilized the appearance of Constantin Lucian at his deposition (in another case filed by the Plaintiff in this District) as a way to serve him with process in a completely unrelated action.

4

conducted via Skype.  As the docket in that case reflects, the matter settled at mediation despite the fact that the defendants were not physically present at the mediation.

## CONCLUSION

For the reasons outlined hereinabove, the Court should issue an Order that either: (a) instructs the parties to select a new date for mediation towards the end of March (assuming that the Court will be able to decide the outstanding Motions to Dismiss before that date); (b) permits the parties to appear at the mediation on the currently-scheduled date via Skype; or (c) delays the mediation indefinitely until such time as the Court has decided the jurisdictional issue.

### Certification of 7.1 Conference

Counsel for Maximum Defendants has conferred with counsel for Plaintiff and represents that Plaintiff did not consent the relief requested herein.

/s/ Evay-Fray-Witzer
Evan Fray-Witzer, Esquire

**Respectfully submitted:**

/s/ Evan Fray-Witzer
Evan Fray-Witzer (# 564349 - *pro hac vice*)
CIAMPA FRAY-WITZER, LLP
20 Park Plaza, Suite 505
Boston, MA 02116
Telephone: (617) 426-0000
Facsimile: (617) 423-4855
Evan@CFWlegal.com

/s/ Brady J. Cobb
Brady J. Cobb, Esquire
Florida Bar No. 031018
COBB EDDY, PLLC
642 Northeast Third Avenue
Fort Lauderdale, Florida 33304
Telephone (954) 527-4111
Facsimile (954) 900-5507
bcobb@cobbeddy.com

/s/ Valentin Gurvits
Valentin D. Gurvits (# 643572 - *pro hac vice*)
Matthew Shayefar (# 685927 - *pro hac vice*)
BOSTON LAW GROUP, PC
825 Beacon Street, Suite 20
Newton Centre, MA 02459
Telephone: (617) 928-1804
Facsimile: (617) 928-1802
vgurvits@bostonlawgroup.com
matt@bostonlawgroup.com

*Attorneys for Maximum Apps, Inc. and Frederic Valiquette*

**Dated: February 24, 2016**

### CERTIFICATE OF SERVICE

**I hereby certify** that a true and correct copy of the foregoing was served electronically via the CM/ECF electronic filing system on all counsel or parties of record on the attached service list this 24th day of February, 2016.

/s/ Brady J. Cobb
Brady J. Cobb

**SERVICE LIST**

**1:15-cv-22463-MGC**

Aaron Behar, Esquire
Jaclyn Behar, Esquire
BEHARBEHAR
1840 North Commerce Parkway
Suite One
Weston, Florida 33326
Telephone: (954) 688-7642
Facsimile: (954) 332-9260
AB@BeharBehar.com
JB@BeharBehar.com

Spencer D. Freeman, Esquire
Freeman Law Firm, Inc.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile: (253) 383-4501
Email: sfreeman@freemanlawfirm.org
*Counsel for Plaintiff*
John F. O'Sullivan
Allen Paige Pegg
Hogan Lovells US LLP
Brickell World Plaza
600 Brickell Ave.
Suite 2700
Miami, FL 33131
305 459-6651
305-459-6550 (fax)
john.osullivan@hoganlovells.com
allen.pegg@hoganlovells.com
*Counsel for Defendant Clover Holdings Limited Partnership*