UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:15-cv-22463-MGC

HYDENTRA HLP INT. LIMITED, a
foreign corporation d/b/a METART,

      Plaintiff,

vs.

MAXIMUM APPS INC., a foreign
company d/b/a SEX.COM; CLOVER
HOLDINGS LIMITED PARTNERSHIP,
a foreign company d/b/a SEX.COM;
SEX.COM; FREDERIC VALIQUETTE,
an individual; and John Does 1-20,

      Defendants.
_____/

## DEFENDANT CLOVER HOLDINGS LIMITED'S RESPONSE TO PLAINTIFF'S NOTICE OF FILING PURPORTED CERTIFICATE OF SERVICE (ECF NO. 78)

Defendant Clover Holdings Limited ("Clover") provides the following response to the Certificate (ECF No. 78) filed by Plaintiff Hydentra HLP Int. Limited ("Hydentra") purporting to show that Hydentra recently perfected proper service on Clover pursuant to the requirements of the Hague Convention.[1] As explained below, this purported attempt to serve Clover was ineffective because Hydentra failed to serve Clover with the operative pleading, as required. Hydentra, therefore, has yet to properly serve Clover to date, even though this case has been pending for nearly nine months and Clover's motion to dismiss for lack of proper service and lack of

---

[1] Clover, and undersigned counsel acting on its behalf, specially appear for the limited purpose of filing this Response and expressly reserve, and do not waive, any and all defenses, without limitation, the defenses of lack of personal jurisdiction and insufficient service of process and all other defenses otherwise available under the Federal Rules of Civil Procedure.

personal jurisdiction (ECF No. 24) has been fully briefed and pending for approximately six months. Clover's motion to dismiss should be granted, and nothing with respect to Hydentra's recent filing changes this result.

## BACKGROUND

On June 30, 2015, Hydentra filed this intellectual property dispute against Clover (among others) by filing the original Complaint. (ECF No. 1). On July 1, 2015, Hydentra filed an Amended Complaint by right. (ECF No. 5). On September 3, 2015, Clover moved to dismiss Hydentra's Amended Complaint pursuant to Rule 12(b)(5) because Hydentra failed to properly serve Clover with process under the Hague Convention (and because this Court lacks personal jurisdiction over Clover). (ECF No. 24). Specifically, Hydentra purported to have served Clover's corporate representative by hand through a private process server in St. Vincent (Clover's country of incorporation), even though St. Vincent had expressly objected to service in that manner, thus making such service invalid. (*Id.*). The motion to dismiss also explained that Hydentra's attempt to serve Clover was improper under the local law of St. Vincent, which does not permit hand service of a foreign lawsuit through a private process server. (*Id.*) As mentioned, Clover's dismissal motion is fully briefed and awaiting the ruling. (ECF Nos. 31, 37).

Apparently recognizing the ineffectiveness of its original attempt to serve Clover, on or about February 24, 2016 Hydentra attempted service on Clover again, this time by having a bailiff of the High Court of St. Vincent serve a non-managerial employee of Clover's registered agent. (ECF No. 78). The bailiff, however, served Clover with a copy of the *original* Complaint, even though the Amended Complaint had superseded the original Complaint approximately *eight months* prior. A true and correct copy of the materials purportedly served on Clover through an employee of its registered agent is attached hereto as Exhibit A. On March 18, 2016, Hydentra

filed the Certificate, which attests that on February 24, 2016, the Registrar High Court of St. Vincent served a copy of the original Complaint on a non-managerial employee of Clover's registered agent. (ECF No. 78).

## **DISCUSSION**

To this day, and notwithstanding its filing of the Certificate, Hydentra has not perfected service on Clover because it failed to serve Clover with the Amended Complaint, which was the operative pleading at the time of service.[2]

This exact factual scenario was addressed in *Phillips v. Murchison*, where the court held that in instances where a plaintiff has filed an amended complaint before effecting service of the original complaint, "serving a superseded complaint [*i.e.*, the original complaint] with the summons [i]s not a proper service of process[.]" 194 F. Supp. 620, 622 (S.D.N.Y. 1961) (quashing service of process). Indeed, "a superseded complaint is 'a mere scrap of paper'" under those circumstances. *Id.* The holding of *Phillips* has been applied in several other cases, which establish the rule that "service of the original complaint after an amended complaint has been filed is ineffective." *TCS Capital Management, LLC v. Apax Partners, L.P.*, 2008 WL 650385, at *10-11 (S.D.N.Y. Mar. 7, 2008); *see Nordic Bank PLC v. Trend Group, Ltd.*, 619 F. Supp. 542, 564 (S.D.N.Y. 1985) ("After an amended complaint has been filed, service of the superseded original complaint is inappropriate.");; *see also* 4A Fed. Prac. & Proc. Civ. § 1093 (4th ed.) ("service of a superseded complaint with the summons does not fulfill the requirements of the

---

[2] Until proper service is made, the Court does not obtain personal jurisdiction over a defendant. *See also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant. Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").

rule"). Courts in the Southern District of Florida have applied this rule, holding that where a plaintiff files an amended complaint before serving the original complaint, the plaintiff "must effectuate service" of the amended complaint. *See, e.g., Martin v. Salvatierra*, 233 F.R.D. 630, 632 (S.D. Fla. 2005) (Jordan, J.) ("[B]oth Officers Salvatierra and Figueroa contend that Ms. Martin's service of the original complaint is deficient because the original complaint had been superseded by an amended complaint at the time of service. I agree with the officers that Ms. Martin must effectuate service of her amended complaint and not her original complaint.").

This rule squarely applies here. Hydentra served a non-managerial employee of Clover with a copy of the original Complaint even though the Amended Complaint had long superseded that pleading. That attempt at service was therefore defective.

## CONCLUSION

For the foregoing reasons and the reasons expressed in the Clover's Motion to Dismiss (ECF No. 24), the Certificate (ECF No. 78) changes nothing, Hydentra has still not properly served Clover with process, and the Amended Complaint should be dismissed.

Respectfully submitted,

By: */s/ John F. O'Sullivan*
John F. O'Sullivan
Fla. Bar No. 143154
Allen P. Pegg
Fla. Bar No. 597821
Jason D. Sternberg
Fla. Bar No. 72887
HOGAN LOVELLS US LLP
600 Brickell Ave., Suite 2700
Miami, FL 33131
Telephone:  (305) 459-6500
Facsimile:  (305) 459-6550
john.osullivan@hoganlovells.com
allen.pegg@hoganlovells.com
jason.sternerg@hoganlovells.com

*Counsel for Defendant Clover Holdings Limited Partnership*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 24, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel and that a true and correct copy was served via electronic mail on all counsel of parties of record.

By: */s/ Allen P. Pegg*_____
Allen P. Pegg
Fla. Bar No. 597821
allen.pegg@hoganlovells.com