# Exh. A

2016 WL 1028332
Only the Westlaw citation is currently available.
United States District Court,
S.D. Florida.

Atmos Nation LLC, a Nevada
Limited Liability Company, Plaintiff,
v.
Alibaba Group Holding Ltd., et al,[1] Defendants.

Case No. 0:15-cv-62104-KMM
|
Signed 03/15/2016

### ORDER GRANTING DEFENDANT ALIBABA.COM, INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(2)

K. MICHAEL MOORE, CHIEF UNITED STATES DISTRICT JUDGE

**\*1** This cause is before the Court on Defendant Alibaba.com, Inc.'s Motion to Dismiss the Second Amended Complaint Pursuant to Rule 12(b)(2) [D.E. 44]. For the reasons explained below, the motion is granted.

**I. BACKGROUND**

This is an action for trademark infringement brought by Plaintiff Atmos Nation LLC ("Atmos"), the owner of a brand of portable vaporizers, against several Alibaba entities, including Defendant Alibaba.com, Inc., and various independent third-party merchants. In its Second Amended Complaint ("SAC") [D.E. 21], Atmos asserts claims for trademark infringement, trademark counterfeiting, contributory trademark infringement and counterfeiting, and false representation under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; unfair competition under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*; and unjust enrichment. *See* SAC ¶¶ 274–316. As relief, Atmos seeks preliminary and permanent injunctive relief, monetary damages, and other appropriate redress. *See id.* at 4.

The SAC alleges that Atmos designs, markets, and sells portable vaporizers under its Atmos brand. *See id.* ¶ 81. The gist of Atmos' action concerns the alleged sale of counterfeit vaporizers bearing the Atmos brand by independent third-party merchants (the "Merchant Defendants") on the Alibaba platforms, Alibaba.com, AliExpress.com, and Taobao.com (collectively, the "Alibaba Platforms"). *See id.* ¶¶ 75–76, 81, 93, 95. Atmos alleges that some of these sales were made to a purchaser in Florida. *Id.* ¶¶ 178–82, 188–93, 199–202, 208–12, 218– 21, 227–31, 237–41, 247–51, 257–61.

Atmos identifies the specific Alibaba entities it claims are responsible for operating the Alibaba Platforms. According to the SAC, Defendant Alibaba.com Hong Kong Limited "operates the websites www.alibaba.com and www.aliexpress.com," and Defendant Taobao China Holding Ltd. "is the operating entity for the overseas business of Taobao Marketplace and Tmall platforms." *Id.* ¶¶ 16, 25. The pleading then sweeps in several other Alibaba entities—including Alibaba.com, Inc.—by alleging that they are collectively responsible for allowing the Merchant Defendants to list and sell counterfeit Atmos vaporizers on the Alibaba Platforms. *See id.* ¶¶ 75–76, 81, 93, 95.

Alibaba.com, Inc. does not operate or exercise any control over the content of the Alibaba Platforms. *See* Decl. of Michael Lee, dated Dec. 10, 2015 ("Lee Decl.") ¶ 9. [D.E. 44-1].[2] Nor does it manufacture, sell, or deliver any of the products displayed on the Alibaba Platforms, or own, control, or take possession of them. *See id.* ¶ 10. Rather, Alibaba.com, Inc. is a business-to-business e-commerce company that focuses on technology maintenance, marketing, and administrative services. *See id.* ¶ 8; SAC ¶ 21. It provides marketing services to promote the brand awareness of the Alibaba Platforms through trade show exhibitions, event marketing, online display advertising, search engine marketing, affiliate marketing, social media marketing, cross promotional business partnerships, and public relations. *See* Lee Decl. ¶ 11.

**\*2** Alibaba.com, Inc. has no presence in Florida. It is incorporated in Delaware and has its only office in San Mateo, California. *See* SAC ¶ 56; Lee Decl. ¶ 2. It does not have any offices or employees in Florida. *See* Lee Decl. ¶ 4. It does not have any contracts to supply goods or services to companies or individuals in Florida. *See* Lee Decl. ¶ 5. It does not direct any marketing services to Florida and, since 2012, has not sent any employees to Florida.[3] *See id.* ¶ 6, 12.

**II. DISCUSSION**

Alibaba.com, Inc. moves to dismiss this action under Rule 12(b)(2) for lack of personal jurisdiction. Atmos argues that this Court has personal jurisdiction over the Alibaba entities, including Alibaba.com, Inc., on the grounds that there is both general and specific personal jurisdiction under Florida's long arm statute.[4] *See* SAC ¶¶ 46, 48(a). Atmos, however, fails to show how or why this Court has jurisdiction over Alibaba.com, Inc., relying instead on general assertions about the cumulative conduct of the "ALIBABA Defendants." *See, e.g.*, SAC ¶¶ 46, 48. As shown more fully below, because Alibaba.com, Inc. neither operates nor controls any of the Alibaba Platforms, nor has any presence in Florida, the Court lacks personal jurisdiction over it. For those reasons, Alibaba.com, Inc.'s Motion to Dismiss is granted.

**A. General Principles Governing Personal Jurisdiction**
Because federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons, *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014), a federal court sitting in Florida must conduct a two-step inquiry to determine whether it has personal jurisdiction over a non-resident defendant. The court must determine "(1) whether personal jurisdiction exists over the nonresident defendant...under Florida's long-arm statute, and (2) if so, whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013).

Under Florida's long-arm statute, Fla. Stat. § 48.193, a non-resident defendant can be subject to personal jurisdiction in two ways. First, a Florida court can exercise general personal jurisdiction—that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in "substantial and not isolated activity" in Florida. *Schulman v. Inst. for Shipboard Educ.*, 624 F. App'x 1002, 1005 (11th Cir. 2015). Second, a Florida court can exercise specific personal jurisdiction—that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida—if the claim asserted against the defendant arises from the defendant's contacts with Florida, and those contacts fall within one of nine statutorily enumerated categories set forth in section 48.193(1)(a). *Id.*

**\*3** If the requirements of the long-arm statute are satisfied, then the court must determine whether the defendant has established sufficient "minimum contacts" with the State of Florida, such that the exercise of jurisdiction over the defendant would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945).

The plaintiff bears the initial burden of pleading sufficient material facts to make out a prima facie case of jurisdiction. *See Future Tech. Today, Inc., v. OSF Healthcare Systems*, 218 F.3d 1247, 1249 (11th Cir. 2000). If the plaintiff does so, the burden shifts to the defendant to contradict the plaintiff's allegations by affidavits or other competent evidence. *See Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214–15 (11th Cir. 1999). To the extent the defendant's proffered evidence does not contradict the plaintiff's jurisdictional allegations, the allegations must be accepted as true. *See id.* at 1215 (citation omitted). But to the extent the defendant does contradict the plaintiff's allegations, the burden shifts back to the plaintiff, this time requiring the plaintiff to prove—not merely allege—jurisdiction by affidavits, testimony, or other documents. *See id.* at 1214–15.

**B. The Court Does Not Have General Jurisdiction Over Alibaba.com, Inc.**
Alibaba.com, Inc. does not fall within the general jurisdiction of this Court. The reach of Florida's general jurisdiction provision, Fla. Stat. § 48.193(2), extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment. *Fraser v. Smith*, 594 F.3d 842, 846 (11th Cir. 2010). "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations," without offending due process, only "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (quoting *Int'l Shoe Co.*, 326 U.S. at 317). Only in an "exceptional" case will "a corporation's operations in a forum other than its formal place of incorporation or principal place of business" be "so substantial and of such a nature as to render the corporation at home in that State." *Daimler*, 134 S. Ct. at 761 n.19. Accordingly, "[a] foreign corporation cannot be subject to general jurisdiction in a forum unless the corporation's activities in the forum closely approximate the activities that ordinarily characterize a corporation's place of incorporation or principal place of business." *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1205 (11th Cir. 2015).

Alibaba.com, Inc. is hardly at home in Florida. As noted above, and as Atmos acknowledges, Alibaba.com, Inc. is

incorporated in Delaware and has its only office in San Mateo, California. *See* SAC ¶¶ 21, 56. Alibaba.com, Inc. does not have any employees in Florida; does not direct its marketing services to Florida or tailor its marketing services for individuals or businesses in Florida; does not have any contracts to supply goods or services to any companies or individuals in Florida; and, since 2012, has not sent any employees to Florida. *See* Lee Decl. ¶¶ 3–5, 12. Accordingly, the Court lacks general jurisdiction over Alibaba.com, Inc. *See, e.g.*, *Hard Candy, LLC v. Hard Candy Fitness, LLC*, Case No. 13-23705-CIV, 2015 WL 3377906, at *18 (S.D. Fla. May 13, 2015) (finding no general jurisdiction under the Florida long-arm statute where the defendants were not incorporated in Florida, were not residents of Florida, did not have a principal places of business in Florida, and did not have continuous and systematic contacts with Florida).

**C. The Court Does Not Have Specific Jurisdiction Over Alibaba.com, Inc.**

 ***4** Nor does the Court have personal jurisdiction over Alibaba.com, Inc. To determine whether specific jurisdiction exists over a defendant, the court must determine whether the requirements of Florida's long-arm statute are satisfied, and, if so, whether the requirements of due process are satisfied. *See Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990). Atmos fails to make either showing.

i. Atmos Fails To Establish Personal Jurisdiction Under Florida's Long-Arm Statute

Atmos' assertion of specific jurisdiction under Florida's long-arm statute fails. In an effort to establish specific jurisdiction over Alibaba.com, Inc., Atmos relies on Florida Statute 48.193(1)(a)(2) and (6). [5] *See* SAC ¶ 48(a). Subparagraph (2) provides for jurisdiction over a non-resident defendant where the defendant "commit[ed] a tortious act within this state." Fla. Stat. § 48.193(1)(a)(2). Subparagraph (6) allows for jurisdiction where a non-resident defendant

> [c]aus[ed] injury to persons or property within this state arising out of an act or omission...outside this state, if, at or about the time of the injury, either: a. The defendant was engaged in solicitation or service activities within this state; or b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

Fla. Stat. § 48.193(1)(a)(6). Both provisions require that the defendant's conduct somehow impact a person or entity within the State of Florida—either by committing a tort in Florida or at least causing an injury in Florida. Atmos does not allege that Alibaba.com, Inc. did either, nor could it.

Atmos' assertion of jurisdiction over the Alibaba entities is premised on the alleged sale of counterfeit goods on the Alibaba Platforms into Florida., which Atmos maintains constituted tortious acts and/or caused injury sufficient to establish personal jurisdiction in Florida. *See* SAC ¶¶ 48, 178–182, 188–193, 199–202, 208–212, 218–221, 227–231, 237–241, 247–251, 257–261. With respect to Alibaba.com, Inc., however, because that entity has no involvement with the operation of or control over the Alibaba Platforms; does not process, service, or manufacture any goods listed for sale; and has had only *de minimis* contacts with Florida wholly unrelated to the sale of portable vaporizers, Atmos cannot establish that Alibaba.com, Inc. has committed any tortious acts in Florida, or caused any injury in Florida, through the Alibaba Platforms. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009) (affirming the district court's finding that it lacked jurisdiction where the defendant's refutation of facts asserted by the plaintiff sufficiently negated allegations tying the defendant to tortious conduct in Florida); *Reflection Mfg., LLC v. I.S.A. Corp.*, No. 6:10-CV-1951-ORL, 2011 WL 972570, at *9 (M.D. Fla. Mar. 18, 2011) (holding that a finding of jurisdiction under section 48.193(1)(a)(6) (formerly § 48.193(1)(f)(1)-(2)) was inappropriate where the defendant was not engaged in solicitation or service activities in Florida). [6] Accordingly, the Court lacks specific jurisdiction over Alibaba.com, Inc.

 ***5** The Court rejects Atmos' contention that "[t]he ALIBABA Defendants help facilitate every transaction on their site via the Post Buying Request System...." [D.E. 48 at 6]. This claim ignores the distinction acknowledged in the SAC, and confirmed by the Lee Declaration, that only certain of the entities Atmos lumps together as the "ALIBABA Defendants" actually operate the Alibaba Platforms, and that Alibaba.com, Inc. is not one of them. *See* SAC ¶¶ 16, 25; Lee Decl. ¶ 9. In that way, Atmos incorrectly conflates the functions of the various "ALIBABA Defendants" to impute

the alleged conduct of the other entities onto Alibaba.com, Inc.

The Court also rejects Atmos' characterization that Alibaba.com, Inc.'s marketing efforts and search engine optimization "play[ ] a pivotal role in targeting Florida consumers and businesses" and "are essential to ensure that Florida Consumers and Businesses are targeted." [D.E. 48 at 3, 6, 8]. These allegations are nowhere in the SAC, are entirely uncorroborated, and are contradicted by the Lee Declaration, which states that "Alibaba.com, Inc. has not carried out any marketing activity that was directed to or specifically tailored for individuals or businesses in the [S]tate of Florida," and, since 2012, has not sent a single employee into the State of Florida. Lee Decl. ¶¶ 4, 6.

Moreover, Atmos' reliance on a pair of defamation cases, *Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201 (Fla. 2010), and *Calder v. Jones*, 465 U.S. 783, 790 (1984), is misplaced. Unlike these defamation cases, where the statement itself is what causes the injury, here, there is no claim that any of Alibaba.com, Inc.'s advertising or marketing efforts defamed or caused any injury to Atmos. Rather, the claim is that non-affiliated, China-based parties, referred to in the SAC as the "Merchant Defendants," sold counterfeit Atmos products using the Alibaba Platforms—which Alibaba.com, Inc. undisputably does not operate or control.

In sum, because Alibaba.com, Inc. has no involvement with the operation of or control over the Alibaba Platforms; does not process, service, or manufacture any goods listed for sale; and has had only *de minimis* contacts with the State of Florida, Atmos cannot establish that Alibaba.com, Inc. has committed any tortious acts in Florida. Accordingly, the Court finds no basis for the assertion of specific jurisdiction over Alibaba.com, Inc.

### ii. Exercising Personal Jurisdiction Over Alibaba.com, Inc. Would Not Comport With Due Process

Even if a basis for jurisdiction existed under Florida's long-arm statute, the exercise of personal jurisdiction over Alibaba.com, Inc. would violate due process. "The exercise of personal jurisdiction comports with due process if the non-resident defendant has established 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'

+" *Fraser*, 594 F.3d at 846 (citations and quotations omitted). The minimum-contacts test for specific jurisdiction has three elements: (1) "the defendant must have contacts related to or giving rise to the plaintiff's cause of action"; (2) "the defendant must, through those contacts, have purposefully availed itself of forum benefits"; and (3) "the defendant's contacts with the forum must be such that it could reasonably anticipate being haled into court there." *Id.* at 850.

Alibaba.com, Inc. does not have sufficient contact with Florida to justify jurisdiction here. As explained above, Alibaba.com, Inc. does not operate, design, or control any of the Alibaba Platforms. Additionally, Alibaba.com, Inc.'s attendance at five trade shows involving products wholly unrelated to vaporizers several years ago is insufficient to confer jurisdiction, particularly where no employees have been sent to Florida in the past three years. See *Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339 (S.D. Fla. 2009) ("Nor does the attendance by [the defendant's] representatives at a Florida trade show or [the defendant's] representatives' one or two visits to Florida rise to the level of continuous and systematic contacts."). In short, because Alibaba.com, Inc. does not have any presence in the State of Florida, it "could not reasonably have anticipated being hauled into court in Florida," where it "does not conduct business...[and] has no offices, employees, assets or leases." See *F&G Research, Inc. v. Dynapoint (Taiwan), Inc.*, No. 06-60904-CIV, 2007 WL 5175171, at *5 (S.D. Fla. Apr. 13, 2007).

*6 At least one other court has reached the same conclusion in a virtually identical case. In *P.S. Products, Inc. v. Alibaba.com, Inc.*, the District Court for the Eastern District of Arkansas held that Alibaba.com, Inc.'s relationship with the Alibaba platform did not establish enough minimum contacts to give rise to jurisdiction in Arkansas. See *id.*, 2011 WL 861164, at *3. The court based its decision on, among other reasons, the fact that Alibaba.com, Inc. did not operate, design, or exercise any control over the Alibaba platform and did not have any contracts with residents in Arkansas. See *id.* (finding that the plaintiff had "failed to prove by a preponderance of the evidence that the Court has personal jurisdiction over the Defendant Alibaba.com, Inc. based upon its relationship with the Website").

Accordingly, because Alibaba.com, Inc. does not have sufficient contact with Florida, the assertion of jurisdiction over it in this state would not comport with due process.

### iii. Atomos' Claim That Alibaba.com, Inc. Is An Alter Ego Of Other Defendants Does Not Justify Jurisdiction In Florida

Atmos' attempt to establish personal jurisdiction over Alibaba.com, Inc. by piercing the corporate veil is equally unavailing. Atmos alleges that the Alibaba Defendants are all alter egos of each other. SAC ¶ 61. In support of this allegation, Atmos claims that the "ALIBABA Defendants" "operate as a single unit, sharing common ownership, [under] the Alibaba Group [,]" constituting a "single operating and reporting segment," and are "agent [s]" of each other, "maintain common office spaces and addresses among its various entities," and are "financially dependent" upon the Alibaba Group. SAC ¶¶ 61–64.

Black-letter law forbids equating a subsidiary with its parent absent extraordinary justification to pierce a corporate veil. *See, e.g.*, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2857 (2011). The Eleventh Circuit has made clear that "a parent and a subsidiary are separate and distinct corporate entities, and the presence of one in a forum state may not necessarily be attributed to the other." *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000). Personal jurisdiction may be assumed over another corporate entity only if the plaintiff can demonstrate "(1) that the subsidiary is a mere instrumentality of the parent; and (2) improper conduct." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1289 (S.D. Fla. 2014). A parent uses a subsidiary as a "mere instrumentality" when it directs and controls the business operations and sets the policies of the subsidiary, *Hermetic Seal Corp. v. Savoy Elecs., Inc.*, 290 F. Supp. 240, 243 (S.D. Fla. 1967), while a parent engages in "improper conduct" if it uses the subsidiary "to mislead creditors or to perpetrate a fraud upon them" or "as a means of evading liability." *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1119–20 (Fla. 1984).

Atmos has not sufficiently pleaded either element. None of Atmos' allegations even suggest that any of the Alibaba Defendants used Alibaba.com, Inc. as a "mere instrumentality." Nor do Atmos' allegations indicate any improper conduct by Alibaba.com, Inc. Atmos does not allege that Alibaba.com, Inc. was created for any improper purpose, or that Alibaba.com, Inc. or any of the other Alibaba entities used or had any intent to use Alibaba.com, Inc. for any improper purpose. At most, Plaintiff's alter ego theory amounts to a claim that the various Alibaba entities are related to each other and act together in certain respects—which is not enough to justify personal jurisdiction. *See, e.g.*, *Mother Doe I v. Maktoum*, 632 F. Supp. 2d 1130, 1142 (S.D. Fla. 2007) ("The fact that Defendants may have involvement, even extensive involvement, with corporations that do business in Florida is not sufficient, in and of itself, to establish that Defendants themselves are subject to the personal jurisdiction of a Florida court."). Accordingly, the Court finds no basis to exercise personal jurisdiction over Alibaba.com, Inc. by virtue of its relationship with the other Alibaba defendants.[7]

### III. CONCLUSION

**\*7** For the foregoing reasons, it is ordered and adjudged that Defendant Alibaba.com, Inc.'s Motion to Dismiss the Second Amended Complaint Pursuant to Rule 12(b)(2) [D.E. 44] is granted. This case is dismissed for lack of personal jurisdiction as to Alibaba.com, Inc.

Done and ordered in Chambers at Miami, Florida, this 15th day of March, 2016.

**All Citations**

Slip Copy, 2016 WL 1028332

Footnotes

1   The full list of named defendants is as follows: Alibaba Group Holding Ltd.; Alibaba.com Hong Kong Ltd.; Alibaba.com Ltd.; Alibaba.com Investment Holding Ltd.; Alibaba.com Investment Ltd.; Alibaba (China) Technology Co., Ltd.; Alibaba.com, Inc.; Taobao Holding Ltd.; Taobao China Holding Ltd.; Taobao (China) Software Co., Ltd.; Shenzhen Forevertop Technology Limited; Shenzhen Yibok Technology Co. Ltd.; Shenzhen Hengyuan Technology Co., Ltd.; Shenzhen Allsmoke Technology Co. Ltd.; Shenzhen Aricon Biotech Co. Ltd.; Shenzhen Cigwe Technology Co. Ltd.; Shenzhen Cigabuy Co. Limited; Shenzhen Elikang Technology Co. Ltd.; Shenzhen Joyelife Technology Co. Ltd.; Shenzhen Itoy Technology Limited; Shenzhen Kingconti Technology Co., Ltd.; Shenzhen Meiya Printing Co., Ltd.; and John Does 1–50.

2   A motion to dismiss for lack of personal jurisdiction is inherently a matter requiring the resolution of factual issues outside of the pleadings, and the court may consider all pertinent documentation submitted by the parties in deciding the motion. *Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 463 (S.D.N.Y. 2008).

| | |
|---|---|
| 3 | In 2011 and 2012, representatives of Alibaba.com, Inc. visited Florida to attend five trade shows, but none of these trade shows involved portable vaporizers or any other tobacco/smoking products. *See id*. ¶ 6. |
| 4 | The SAC also asserts jurisdiction under the federal long-arm statute, Fed. R. Civ. P. 4(k). *See* SAC ¶ 48(b). Rule 4(k), however, does not apply to Alibaba.com, Inc., a U.S. domiciliary incorporated in Delaware with a principal place of business in California. *See* Merial Ltd. v. Cipla Ltd., 681 F.3d 1283, 1293–94 (Fed. Cir. 2012) ("Rule 4(k)(2) was adopted to provide a forum for federal claims in situations where a foreign defendant lacks substantial contacts with any single state but has sufficient contacts with the United States as a whole to satisfy due process standards and justify the application of federal law."); *see also* Barrocos of Florida, Inc. v. Elmassian, No. 11-CV-22393, 2012 WL 1622988, at *6 (S.D. Fla. May 9, 2012). |
| 5 | Atmos actually cites Florida Statute 48.193(1)(b) and (f). These citations, however, appear to be to a prior version of the statute, which was amended on July 1, 2013. *See* 2013 Fla. Sess. Law Serv. Ch. 2013-164 (C.S.S.B. 186). The Court therefore construes the SAC as if it had cited to the statutory provisions currently in effect. |
| 6 | There are conflicting decisions among Florida courts regarding whether a tortious act committed outside the state resulting in injury inside the state subjects the actor to jurisdiction in Florida pursuant to Florida Statute 48.193(1)(a)(2) (or its predecessor, Florida Statute 48.193(1)(b)). *See* Posner v. Essex Ins. Co., 178 F.3d 1209, 1216 (11th Cir. 1999) (noting that the courts are "deeply divided on the issue"); Jack Pickard Dodge, Inc. v. Yarbrough, 352 So. 2d 130, 134 (Fla. 1977) (finding no jurisdiction where the injury occurred in Florida, but the alleged tortious act was the servicing, outside of the state, of a vehicle that caused the injury). Here, under either standard, there is no jurisdiction over Alibaba.com, Inc., as it does not operate the Alibaba Platforms and is not alleged to have committed—nor did it commit—a tortious act in Florida. |
| 7 | Indeed, Atmos concedes as much by seemingly abandoning this argument in its opposition. |

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.